W. J. PARKER, Admr., v. JOHN A. McDOWELL et al.

*Promissory Notes.*

1. Where an accommodation note was made payable to the accommodation endorser, to be discounted at a particular bank, but it was not discounted at this bank, but sold to a private individual; *It was held,* that the endorsers were liable, although the sale was made without their knowledge.

2. Where a note is endorsed for the accommodation of the maker, to be discounted at a particular bank, it is not a fraudulent misapplication of the note, if it is discounted at another bank, or used in the payment of a debt, or in any other way for the credit of the maker.

3. Where in such case, the note is made payable to the order of the cashier of a particular bank, to be discounted at that bank, but the bank refuses to discount it, and never acquires any right to the note, and it is afterwards discounted by a third party; *It was held*, that the note was void, although the cashier endorsed it " without recourse."

4. If the accommodation paper is a bond, which the obligee refuses to accept, it is void in the hands of a third person, for want of delivery, although he is a purchaser for value.

(*Ray* v. *Banks*, 6 Jones, 118, cited and approved. *Respass* v. *Latham*, Busb., 138; *Dewey* v. *Cochran*, 4 Jones, 184, and *Southerland* v. *Whitaker*, 5 Jones, 5, distinguished and approved).

CIVIL ACTION, tried before *MacRae, Judge*, at Fall Term, 1885, of BLADEN Superior Court.

The action was heard upon a case agreed, and the facts are as follows:

The plaintiff's action is based upon a certain paper writing of which the following is a copy:

FAYETTEVILLE, N. C., Dec. 5, 1882.

$205.00.

Sixty days after date, I promise to pay to A. Moore, or order, two hundred and five dollars, for value received, negotiable and payable at the People's National Bank, of Fayetteville, N. C., with interest after maturity at the rate of eight per cent. per annum, until paid, for money loaned.

[Signed]                    N. A. STEDMAN, JR.

The above was in the common printed form of paper used by said bank; upon the back of said paper writing are written the names of the defendants, Jno. A. McDowell and A. Moore, endorsed in blank.

It is agreed that N. A. Stedman, Jr., is the principal obligor, and that the defendants, Jno. A. McDowell and A. Moore, were endorsers to the within named bank, at the request and for the accommodation of the said N. A. Stedman, Jr., in order to enable him to borrow money from that bank, and their endorsement and contract as such was solely for that purpose.

That this note was not presented or offered at said bank for discount, or if so offered or presented, it was refused, and afterwards the said N. A. Stedman, Jr., without the knowledge or consent of the endorsers (the defendants), sold the same to, or discounted it with the plaintiff's intestate, Jas. McK. Mulford, who purchased it for value from the said N. A. Stedman, Jr.

That the defendants, McDowell and Moore, accommodation endorsers for said Stedman, had no knowledge of the sale of the note to the plaintiff's intestate by said Stedman, until a short time before the bringing of this action, nor did they agree with the plaintiff's intestate that the same might be sold to him by said Stedman.

That plaintiff's intestate had no notice of any understanding or agreement that the note should be discounted by said bank other than what appears on the face of the note.

Upon the foregoing facts agreed, it being further agreed by counsel that the Judge might take the papers and decide the matter at Cumberland, the presiding Judge being of the opinion that there is nothing upon the face of the note to give notice to the purchaser for value before maturity, of the understanding between the maker and endorsers that the said note was to be negotiated only at the People's National Bank, but that the clause making it negotiable and payable at said Bank was collateral matter, which might have been introduced for the accommodation of the holder, and not affecting the validity of the note, it is adjudged that the plaintiff recover of the defendants the sum of two hundred and five dollars, with interest at eight *per cent. per annum*, on the same from February 8th, 1883, together with the costs of this action, to be taxed by the Clerk.

From which judgment the defendants appeal to the Supreme Court.

*Mr. C. C. Lyon*, for the plaintiff.
*Mr. Thos. H. Sutton*, for the defendants.

ASHE, J. (after stating the facts). The defendant insisted there was error in the judgment of the Court below, and to sustain his contention, relied upon the decision of the Court in the cases of *Respass* v. *Latham*, Busb., 138; *Dewey* v. *Cochran*, 4 Jones, 184, and *Southerland* v. *Whitaker*, 5 Jones, 5. But these decisions do not have any application to the case under consideration. *Respass* v. *Latham* was an action upon a sealed instrument, brought by the assignee against the obligees. The obligees refused to receive the bond, and returned it to one of the obligors. Some eight days after its presentation and refusal, the person named obligee, was induced to sign an endorsement "without recourse" to the assignee, who brought the action against the obligors, and it was held that the bond was void for want of delivery. The action in *Dewey* v. *Cochran*, was upon a promissory note, payable to "Thomas W. Dewey, cashier, or order, negotiable and payable at the branch of the Bank of the State of North Carolina at Charlotte," and signed by Caldwell & Huggins, as principals, and by R. T. McIntyre and W. B. Cochran, as sureties.

The note was presented at the bank, and the holder was informed by the President of the bank, that the bank would not discount it. The note was thereafter transferred by one Huggins, a partner of the firm of Caldwell & Huggins, to Farrior &. Bros., of Charleston, South Carolina, in payment of a debt due them by Caldwell & Huggins. The action was brought in the name of Thomas W. Dewey. There was a special verdict, finding the foregoing facts, and the Court rendered judgment of nonsuit against the plaintiff, on the ground that Dewey had never accepted the note; that his assent to it was essential to the validity of the contract; that he had not the legal title to the note, and therefore, the action could not be maintained in his name, and on the further ground, that by making the note payable to the Cashier of the bank, and negotiable at the bank, it showed upon its face that the undertaking of the sureties was, that it should be discounted there and nowhere else.

In the case of *Southerland* v. *Whitaker*, the note upon which the action was brought, was in its terms identical with the note in *Dewey* v. *Cochran*. It was payable to William Reston, Cashier. It was never presented to the bank to be discounted, and when past due W. Reston was requested by one Kelly to endorse it in blank, "without recourse," which he did, and it was never delivered to him or accepted by him, under any contract or agreement with the makers or either of them, and that he had no title or interest in the note, and nothing was paid him for it by Kelly, who thereafter endorsed it without consideration to the plaintiff, to enable him to bring the action in Duplin county. It was held that the note was void, because it was manifest upon its face, being payable to the Cashier, that it was the understanding of the parties that it should be discounted at one of those banks designated in the note, and for the further reason that there was no proof of a consideration. But PEARSON, *Judge*, who delivered the opinion in that case, proceeded to say: "There is a distinction between that case, and when the note is payable to the seller." The intent that it is to become a note, and have validity from the time it is written, and its being made afterwards negotiable and payable at bank, is a collateral circumstance, introduced for the accommodation of the seller, and not intended to affect the validity of the note.

The note upon which this action was brought, was what is called an accommodation note, and is in the following words and figures:

"Sixty days after date, I promise to pay to A. Moore, or order, two hundred and five dollars, for value received, negotiable and payable at the People's National Bank of Fayetteville, N. C., with interest after maturity at the rate of eight *per cent. per annum* until paid, for money loaned.

(Signed)     N. A. STEDMAN, JR."

On the back of the note were written the names of John A. McDowell and A. Moore.

The case of *Ray* v. *Banks*, 6 Jones, 118, was similar to this, and the note upon which the action was founded was so far identical in its terms with that in this case, that we think the adjudication there is decisive of this case.

The note there was made by James Banks, payable to William S. Mullins, ninety days after date, negotiable at the Branch Bank of Cape Fear, at Fayetteville, or at the Bank of Fayetteville, at the option of the holder, and endorsed in blank by W. S. Mullins and McKethan.  Banks, at the date of the note, being indebted to Ferdinand McLeod in an amount agreed to be that of the note, transferred the note to him in payment of the indebtedness, and McLeod endorsed to the plaintiff for value. The note was never discounted nor offered for discount at the bank.  It was held by this Court, that the plaintiff, the endorsee of McLeod, could recover against the maker of the note, or any of the endorsers thereon, *though it had never been discounted at bank, nor offered for such a purpose.*  Judge RUFFIN, delivering the opinion of the Court, distinguished the case from that of *Dewey* v. *Cochran* and *Southerland* v. *Whitaker.*  He said those cases were much misconstrued in applying them.  " They were not intended to affect, and do not affect, notes and endorsements founded on actual transactions for value ; as, for example, notes given upon sales, or intended to raise money in the general market.  The decision applied to the cases before the Court, which were of notes made to enable the principal to borrow money from a bank, and with that purpose sufficiently indicated, as it was thought, on the face of the papers themselves."  The notes in these cases were payable to the cashiers of the banks ; in the case of *Ray* v. *Banks* it was payable to Mullins.  Hence the distinction.

The opinion of the learned Judge is fully sustained by Daniel in his work on Negotiable Instruments, vol. 1, §792, where it is said :  " It is now well settled, that when a note is endorsed for the accommodation of the maker, to be discounted at a particular bank, it is no fraudulent misappropriation of the note if

it is discounted at another bank, or used in the payment of a debt or otherwise for the credit of the maker."

There is no error. The judgment of the Superior Court is affirmed.

No error. Affirmed.