W. J. PARKER, Adm'r, v. W. J. SUTTON and J. A. McDOWELL.

*Negotiable Note—Accommodation Indorser—Collateral Oral Agreements.*

A collateral oral agreement, between the maker and accommodation indorser of a negotiable note, that it should be negotiated at bank, does not affect one who purchases the note, for value and before maturity, from the maker ; and this is so, although the purchaser has notice of such agreement at the time he takes the note.

CIVIL ACTION, tried before *Clark, J.,* at Spring Term, 1889, of BLADEN Superior Court.

The plaintiff is the administrator of J. McK. Mulford, and brought this action against W. J. Sutton and Jno. A. Mc-Dowell, to recover the money due on a promissory note, whereof the following is a copy:

"$1,000.          ELIZABETHTOWN, N. C., Dec. 10, 1882.

"Ninety days after date I promise to pay to Col John A. McDowell, or order, one thousand dollars, value received, with interest after the maturity at the rate of eight per cent. per annum.

"(Signed)          W. J. SUTTON."

This note was indorsed by the payee in blank, and afterwards the blank was filled as follows: "Pay J. McK. Mulford, or order."

By consent of the parties, the Court settled the facts as follows:

"The defendant, W. J. Sutton, executed his promissory note for $1,000 on December 1, 1882, to the defendant, Jno. A. McDowell, to pay said sum ninety days after date, with interest at eight per cent. after maturity. Said McDowell indorsed said note in blank for the accommodation of the defendant Sutton, and delivered said note to him that same day. Said Sutton sold and transferred said note for full value, and before maturity, to plaintiff's intestate.

"At the time of the indorsement by McDowell of the note, it was understood and agreed between him and Sutton, that said note was to be negotiated in one of the banks in Fayetteville, N. C., and plaintiff's intestate had notice of such understanding before his purchase of said note.

"At the time of the execution of said note Sutton was not indebted to McDowell, and the indorsement by McDowell was solely an accommodation to enable Sutton to raise

money. McDowell had no notice of the sale of the note to plaintiff's intestate till after the death of such intestate, on the presentation by the plaintiff of the note for payment.

"Upon the above facts the Court rendered judgment for plaintiff."

The defendant McDowell, having excepted, appealed to this Court.

*Mr. E. C. Lyon*, for the plaintiff.
*Mr. T. H. Sutton*, for the defendant.

MERRIMON, J. (after stating the case). The note sued upon was plainly a negotiable instrument, and might, by indorsement of the payee thereof, be put upon the market and bought and sold indefinitely. The original parties to it treated it as "accommodation paper," and the facts show that the chief and material part of their purpose was to enable the maker thereof to borrow money upon it. It was expected that he would get the money from one of the banks in Fayetteville, but not necessarily from a bank, or in that town. If it had been so intended, some particular restriction in this respect would have been set forth in or about the note, but it was left at large—entirely without such restriction—to be sold to any person who might buy it. If a bank had purchased it, it could at once have sold it to the intestate of the plaintiff or any other person in the course of business. There was nothing in its nature, or in the purpose of the parties in connection with it, that rendered the sale of it to a bank necessary or at all material to its sufficiency or efficiency as a negotiable instrument; nor would the mere sale of it to a bank have given the payee, who indorsed it, any material legal advantage. There was no reason—certainly none that appears—why the intestate of the plaintiff should not have bought it on the same footing as a

103—13

bank, or any other person might have done. The simple fact that he had knowledge of the "understanding," that the money was to be obtained from a bank in the town mentioned, did not render it in any sense fraudulent on his part to buy it. This is a stronger case against the indorsee than that of *Parker* v. *McDowell*, 95 N. C., 219. The note in that case was by its terms made "negotiable and payable" at a particular bank named. It was "an accommodation paper"—was not sold to the bank, but to a different person. Nevertheless, it was held that the indorser was liable.

The objection, therefore, that the intestate of the plaintiff had notice that it was "understood and agreed" that the note should be "negotiable in one of the banks of Fayetteville," cannot be sustained, and the judgment must be affirmed.

Judgment affirmed.