IN THE SUPREME COURT OF NORTH CAROLINA

No. 380PA13

FILED 12 JUNE 2014

LOIS EDMONDSON BYNUM, Individually, and LOIS EDMONDSON BYNUM, Administratrix of the ESTATE OF JAMES EARL BYNUM and LOIS MARIE BYNUM

v.

WILSON COUNTY and SLEEPY HOLLOW DEVELOPMENT COMPANY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 746 S.E.2d 296 (2013), affirming in part an order denying summary judgment entered on 19 March 2012 by Judge Milton F. Fitch, Jr. in Superior Court, Wilson County, and dismissing defendants' appeals in part. Heard in the Supreme Court on 19 February 2014.

*Thomas & Farris, P.A., by Albert S. Thomas, Jr., Allen G. Thomas, and Kurt D. Schmidt; and Narron & Holdford, P.A., by Ben L. Eagles, for plaintiff-appellees.*

*Womble Carlyle Sandridge & Rice, LLP, by Burley B. Mitchell, Jr. and Robert T. Numbers, II; and Teague Campbell Dennis & Gorham, LLP, by Henry W. Gorham, Carrie E. Meigs, and Leslie P. Lasher, for defendant-appellants.*

*Amy Bason, General Counsel, for North Carolina Association of County Commissioners, amicus curiae.*

*Kimberly S. Hibbard, General Counsel, and Gregory F. Schwitzgebel, III, Senior Assistant General Counsel, North Carolina League of Municipalities; and Dorothy K. Leapley, Deputy City Attorney, City of Raleigh, for North Carolina League of Municipalities, amicus curiae.*

*Angela I. Carmon, Attorney for the City of Winston-Salem; and William L. Brown, Town Attorney for the Towns of Cramerton and Cornelius, amici curiae.*

*Roger A. Askew, Deputy County Attorney, and Scott W. Warren, County Attorney, for Wake County; John L. Roberts, Orange County Attorney's Office, for Orange County; Huey Marshall, Attorney for Brunswick County; Debra Bechtel, Attorney for Catawba County; Wanda Copley, Attorney for New Hanover County; R. Michael Cox, Attorney for Pasquotank County, and C. Ronald Aycock, Attorney for Person County, amici curiae.*

JACKSON, Justice.

In this appeal we consider whether governmental immunity bars plaintiffs' claims alleging that defendant Wilson County ("the County") negligently failed to inspect and maintain a county office building. Because the County's operation of the building is governmental in nature, we hold that plaintiffs' claims against the County are barred by governmental immunity. Accordingly, we reverse the decision of the Court of Appeals.

On 1 November 2006, the County entered into an agreement with Sleepy Hollow Development Company ("Sleepy Hollow") to lease an office building on Miller Road. The County housed a number of its departments and divisions in the Miller Road building, including the county commissioners meeting room, the planning department, the inspections department, the water department, the finance department, the human resources department, and the office of the county manager. The building was open to the public. On 15 April 2008, James Earl Bynum visited the Miller Road building to pay his water bill. Mr. Bynum walked up the front exterior steps to the building, went to the second floor, and paid his bill.

As he was leaving, he fell while walking down the front steps. As a result of his injuries, Mr. Bynum's legs and right arm were paralyzed.

On 9 December 2008, Mr. Bynum filed a complaint against the County alleging that he had been injured as a result of the County's negligence. Subsequently, Mr. Bynum amended the complaint to add his wife as a plaintiff and Sleepy Hollow as a defendant. Plaintiffs alleged, *inter alia*, that defendants negligently failed to inspect, maintain, and repair the Miller Road building steps, failed to meet the requirements of the North Carolina Building Code, failed to install a required handrail, failed to be aware of and warn of a hidden danger, and failed to ensure that the Miller Road building was accessible to the public in a safe condition. Plaintiffs further alleged that Mr. Bynum had been permanently injured and paralyzed as a result of defendants' negligence.

On 4 June 2010, defendants filed a motion for summary judgment asserting a number of defenses, including governmental immunity. The trial court denied defendants' motion, and defendants appealed to the Court of Appeals. On 6 September 2011, the Court of Appeals issued an unpublished decision dismissing the appeal as interlocutory as to all issues except the County's assertion of governmental immunity. *Bynum v. Wilson Cnty.*, 215 N.C. App. 389, 716 S.E.2d 90, 2011 WL 3891361, at *5 (2011) (unpublished). The Court of Appeals allowed the

County's motion to withdraw its appeal of the remaining issue because of an inaccuracy in the record. *Id.*

After Mr. Bynum's death, Ms. Bynum continued the action both in her individual capacity and as administratrix of his estate. On 23 December 2011, plaintiffs filed a motion for leave to amend the complaint to assert a wrongful death claim. The record does not contain an order allowing the amendment; however, plaintiffs' brief states that the amendment was allowed on 9 January 2012. On 16 February 2012, defendants again filed a motion for summary judgment, which the trial court also denied. Defendants appealed. On 18 June 2013, the Court of Appeals issued a unanimous opinion dismissing Sleepy Hollow's appeal as interlocutory and dismissing the County's "non-immunity-related challenges" for the same reason, but concluding that the trial court correctly denied the County's motion for summary judgment on the basis of governmental immunity. *Bynum v. Wilson Cnty.*, ___ N.C. App. ___, ___, 746 S.E.2d 296, 307 (2013) ("*Bynum II*"). The court's governmental immunity analysis focused primarily on Mr. Bynum's subjective purpose for being on the premises. *Id.* at ___, 746 S.E.2d at 304-05. On 3 October 2013, we allowed defendants' petition for discretionary review.

A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2013). We review de novo the trial court's order denying a motion for summary judgment. *Estate of Williams v. Pasquotank Cnty. Parks & Recreation Dep't*, 366 N.C. 195, 198, 732 S.E.2d 137, 140 (2012) (citations omitted). "When applying de novo review, we 'consider[ ] the case anew and may freely substitute' our own ruling for the lower court's decision." *Lanvale Props., LLC v. Cnty. of Cabarrus*, 366 N.C. 142, 149, 731 S.E.2d 800, 806-07 (2012) (alteration in original) (quoting *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjust.*, 365 N.C. 152, 156, 712 S.E.2d 868, 871 (2011)).

Plaintiffs argue that, because Mr. Bynum visited the Miller Road building to pay his water bill, the complaint alleges negligence in connection with the County's operation of a water system, a proprietary function to which immunity does not apply. We disagree.

Governmental immunity "turns on whether the alleged tortious conduct of the county or municipality arose from an activity that was governmental or proprietary in nature." *Estate of Williams*, 366 N.C. at 199, 732 S.E.2d at 141. Immunity applies to acts committed pursuant to governmental functions but not proprietary functions. *Id.* (citing, *inter alia*, *Evans ex rel. Horton v. Hous. Auth.*, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004)). Although the distinction may be difficult to distinguish at times, we have explained:

> Any activity of [a] municipality which is discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary.

*Britt v. City of Wilmington*, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952) (citation omitted).

In *Estate of Williams* we set forth a three-step inquiry for determining whether an activity is governmental or proprietary in nature. First, a court must consider whether the legislature has designated the activity as governmental or proprietary. *Estate of Williams*, 366 N.C. at 200-01, 732 S.E.2d at 141-42. Second, "when an activity has not been designated as governmental or proprietary by the legislature, that activity is necessarily governmental in nature when it can only be provided by a governmental agency or instrumentality." *Id.* at 202, 732 S.E.2d at 142. Finally,

> when the particular service can be performed both privately and publicly, the inquiry involves consideration of a number of additional factors, of which no single factor is dispositive. Relevant to this inquiry is whether the service is traditionally a service provided by a governmental entity, whether a substantial fee is charged for the service provided, and whether that fee does more than simply cover the operating costs of the service provider.

*Id.* at 202-03, 732 S.E.2d at 143 (footnotes omitted).

The approach advanced by plaintiffs and adopted by the Court of Appeals would base the availability of immunity upon "the nature of the plaintiff's involvement with the governmental unit and the reason for the plaintiff's presence at a governmental facility"—here Mr. Bynum's payment of a water bill. *Bynum II*, ___ N.C. App. at ___, 746 S.E.2d at 303. This approach is contrary to the test recently set forth in *Estate of Williams*, which mandates that the analysis should center upon the governmental act or service that was allegedly done in a negligent manner. 366 N.C. at 199, 732 S.E.2d at 141. Moreover, we have emphasized repeatedly the importance of the character of the municipality's acts, rather than the nature of the plaintiff's involvement. *E.g.*, *Moffitt v. City of Asheville*, 103 N.C. 191, 203, 103 N.C. 237, 254, 9 S.E. 695, 697 (1889) ("When such municipal corporations are acting . . . in their ministerial or corporate character in the management of property for their own benefit, or in the exercise of powers assumed voluntarily for their own advantage, they are impliedly liable for damage . . . ."); *see also Evans*, 359 N.C. at 53, 602 S.E.2d at 670 ("[G]overnmental immunity covers only the acts of a municipality or a municipal corporation committed pursuant to its governmental functions."). As a result, the Court of Appeals erred by shifting the focus of the test and inappropriately injecting Mr. Bynum's actions and subjective intentions into its analysis.

Here Mr. Bynum was injured while walking down the front steps of the Miller Road building, which houses numerous county departments, including the

county commissioners meeting room, the planning department, the inspections department, the water department, the finance department, the human resources department, and the office of the county manager. Thus, the Miller Road building serves the County's discretionary, legislative, and public functions, several of which only may be performed by the Wilson County government. *Cf. Seibold v. Kinston-Lenoir Cnty. Pub. Library*, 264 N.C. 360, 361, 141 S.E.2d 519, 520 (1965) (per curiam) (noting the importance of the building's underlying function as a public library in a case involving injuries sustained in a fall). Notably, the legislature has specifically assigned to the county government the responsibilities of locating, supervising, and maintaining the county buildings that provide these functions. N.C.G.S. § 153A-169 (2013) ("The board of commissioners shall supervise the maintenance, repair, and use of all county property."); *see also id.* at §§ 153A-351 & 153A-352 (requiring counties to perform duties and responsibilities associated with enforcing State and local laws and ordinances relating to, *inter alia*, construction and maintenance of buildings). According to the analysis set forth in *Estate of Williams*, the fact that the legislature has designated these responsibilities as governmental is dispositive.

The rule set out by the Court of Appeals, subjecting different plaintiffs injured by the same act or omission to different immunity analyses on the basis of their reasons for visiting the same county property, is inconsistent with our precedent on governmental immunity. Accordingly, we reverse the decision of the

Court of Appeals denying summary judgment for the County on governmental immunity grounds and hold that the County is entitled to summary judgment on the basis of governmental immunity. This case is remanded to the Court of Appeals for further remand to the trial court for further proceedings not inconsistent with this opinion.

REVERSED IN PART AND REMANDED.


Justice MARTIN concurring.

Despite efforts over many years to bring clarity and predictability to the law of governmental immunity, this goal has remained somewhat elusive. *See, e.g.*, *Evans ex rel. Horton v. Hous. Auth. of City of Raleigh, N.C.*, 359 N.C. 50, 54, 602 S.E.2d 668, 671 (2004) ("We have provided various tests for determining into which category [governmental or proprietary] a particular activity falls, but have consistently recognized one guiding principle . . . ."). While I agree with the majority that plaintiffs' claims are barred by governmental immunity, I write separately to voice my concern that the reasoning employed in the majority opinion may categorically bar claims for harms occurring on county or municipal property.

The majority opinion relies upon the guidance provided in *Estate of Williams v. Pasquotank County Parks & Recreation Department*, which states: "[T]he threshold inquiry in determining whether a function is proprietary or governmental

is whether, and to what degree, the legislature has addressed the issue." 366 N.C. 195, 200, 732 S.E.2d 137, 141-42 (2012). The majority found it dispositive that "the legislature has specifically assigned to the county government the responsibilities of locating, supervising, and maintaining the county buildings" and "has designated these responsibilities as governmental." ___ N.C. ___, ___, ___ S.E.2d ___, ___ (June 12, 2014) (380PA13) (citing N.C.G.S. § 153A-169 (2013) ("The board of commissioners shall supervise the maintenance, repair, and use of all county property."); *id.* §§ 153A-351, -352 (2013) (requiring counties to perform certain duties related to building inspections)). In other words, because the legislature has made counties responsible for supervising, maintaining, and repairing all county property, plaintiffs' claims against Wilson County are barred by governmental immunity.

This reasoning would seem to create a categorical rule barring *any* premises liability claims against counties or municipalities for harms that occur on government property. Thus, a municipality that owns and operates a sports arena to produce revenue would be immune from claims arising from its failure to properly maintain its facility. This result is inconsistent with our long-standing precedent. For example, in *Aaser v. City of Charlotte* we stated,

> The Coliseum is an arena for the holding of exhibitions and athletic events owned by the city of Charlotte and administered for it by the Authority to produce revenue and for the private advantage of the compact community. . . . Consequently, the liability of the

> city and of the Authority to the plaintiff for injury, due to
> an unsafe condition of the premises, is the same as that of
> a private person or corporation.

265 N.C. 494, 497, 144 S.E.2d 610, 613 (1965) (citations omitted). In contrast, under the majority's reasoning, it would have been irrelevant in *Estate of Williams* that the County charged rental fees for use of the "Swimming Hole" in which the decedent drowned—because the property was owned by the County, 366 N.C. at 196, 732 S.E.2d at 139, and therefore the County had the statutory responsibility to maintain and repair the property, making the County immune to the tort claim. Rather than issuing such a holding in *Estate of Williams*, we remanded to the Court of Appeals, explaining, "[E]ven if the operation of a parks and recreation program is a governmental function by statute, the question remains whether the specific operation of the Swimming Hole component of [the county-owned public park], in this case and under these circumstances, is a governmental function." *Id.* at 201, 732 S.E.2d at 142 (citation omitted). As in *Estate of Williams*, the County's statutory responsibility to maintain and repair the property did not categorically render the County immune from plaintiffs' tort claims.

Instead of applying categorical rules, we have performed case-by-case inquiries in our previous governmental immunity cases. I would apply the following analysis here. The determinative question is "whether the alleged tortious conduct of the county or municipality arose from an activity that was governmental or proprietary in nature." *Estate of Williams*, *id.* at 199, 732 S.E.2d at 141. Here, Mr.

Bynum was injured when he fell down the steps of Wilson County's main office building. The complaint alleges Mr. Bynum's fall resulted from the County's failure to inspect, maintain, and repair the steps to this building. So, the resulting question is whether the County's administration of these functions was governmental or proprietary. This multi-use building, which is open to the public, houses the county commissioner's meeting room, the county manager's office, and several county departments, including water, finance, planning, inspections, human resources, and geographic information systems. This building provides a convenient location for Wilson County residents to access numerous government offices and services. As the majority opinion aptly observes, this building "serves the County's discretionary, legislative, and public functions, several of which only may be performed by the Wilson County government." Based on these facts, this multi-use governmental office building undoubtedly serves a governmental function, not a proprietary function. Accordingly, plaintiffs' claims are barred by governmental immunity because the alleged tort arose out of the operation and maintenance of this government office building, which is a governmental function.

By adopting what seems to be a categorical rule, the majority opinion may inadvertently broaden the scope of governmental immunity. Because this common-law doctrine requires case-by-case resolution, I concur in the result only.

Justices EDMUNDS and BEASLEY join in this concurring opinion.