An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-131

Filed: 6 October 2015

Buncombe County, No. 14 CVS 2648

GAILLARD BELLOWS and her husband,
JON BELLOWS, Plaintiffs,

v.

ASHEVILLE CITY BOARD OF EDUCATION
dba ASHEVILLE HIGH SCHOOL and SKA
CONSULTING ENGINEERS, INC., formerly
SUTTON-KENNERLY & ASSOCIATES,
INC., and ZEBULON W. WELLS, Jr.,
individually, Defendants.

Appeal by Defendants from order entered 13 November 2014 by Judge Bradley B. Letts in Buncombe County Superior Court. Heard in the Court of Appeals 3 June 2015.

> *Northup McConnell & Sizemore, PLLC, by Isaac N. Northup, Jr., Elizabeth E. McConnell, and Katherine M. Pomroy, for the Plaintiff-Appellees.*
>
> *Campbell Shatley, PLLC, by Christopher Z. Campbell and John F. Henning, Jr., for the Defendant-Appellant, Asheville City Board of Education.*
>
> *Smith Moore Leatherwood LLP, by Patrick M. Kane, Bruce P. Ashley, and Lisa W. Arthur, for the Defendant-Appellants, SKA Consulting Engineers, Inc. and Zebulon W. Wells, Jr.*
>
> *Christine T. Scheef and Allison B. Schafer, for Amicus Curiae, the North Carolina School Boards Association.*

DILLON, Judge.

Asheville City Board of Education (the "Board"), SKA Consulting Engineers, Inc. ("SKA Consulting"), and Zebulon W. Wells, Jr., appeal from an order denying motions to dismiss Gaillard Bellows and Jon Bellows' claims for negligence, willful negligence, and loss of consortium. We reverse the trial court's denial of the Board's motion to dismiss and dismiss SKA Consulting and Mr. Wells' appeals.

## I. Background

Plaintiffs filed a complaint asserting claims arising out of an incident at Asheville High School in which Plaintiff Ms. Bellows fell from her wheelchair and sustained injuries, allegedly due to unsafe conditions on the school grounds. Defendants made motions to dismiss, which the trial court denied by an order entered 13 November 2014. Defendants entered written notice of appeal.

## II. Analysis

The order being appealed is interlocutory because it does not dispose of all claims and all parties. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldstone v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, our Supreme Court has held that "the denial of summary judgment on grounds of

sovereign immunity is immediately appealable[.]" *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 338, 678 S.E.2d 351, 354 (2009). Thus, while interlocutory, the Board's appeal from the order denying its motion to dismiss based on sovereign immunity is immediately appealable.

Unlike denials of motions to dismiss based on sovereign immunity, however, our Supreme Court has held that "no immediate appeal may be taken" from denials of motions to dismiss for failure to state a claim upon which relief can be granted. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 326, 293 S.E.2d 182, 183 (1982). Furthermore, in an appeal from an order denying multiple motions to dismiss made on different bases, only one of which is sovereign immunity, only the ruling on sovereign immunity is immediately reviewable; other rulings in the same order being appealed are not. *Lake v. State Health Plan for Teachers and State Employees*, ___ N.C. App. ___, ___, 760 S.E.2d 268, 271 (2014). Therefore, only the trial court's ruling on the Board's motion to dismiss on sovereign immunity grounds is immediately reviewable.[1] Accordingly, the appeals of SKA Consulting and Mr. Wells are dismissed.

---

[1]Recognizing that they have no right to appeal, SKA Consulting and Mr. Wells have petitioned our Court for *certiorari*. However, *certiorari* is an extraordinary writ. *See, e.g.*, *State v. Roux*, 263 N.C. 149, 153, 139 S.E.2d 189, 192 (1962). In support of their petition, SKA Consulting and Mr. Wells argue generally that consolidated review would promote the administration and interests of justice. We are not persuaded. We hereby deny the petition.

On the merits of the Board's sovereign immunity defense, we agree that the trial court erred in denying the Board's motion to dismiss. Specifically, we find our Supreme Court's recent decision in *Bynum v. Wilson Cnty.*, 367 N.C. 355, 758 S.E.2d 643 (2014), controlling on this question. In *Bynum*, the Supreme Court clarified the contours of the defense of sovereign immunity under our law, reiterating that its availability depends on the nature of the function of the relevant governmental unit. *Id.* at 358, 758 S.E.2d at 646. "Immunity applies to acts committed pursuant to governmental functions but not proprietary functions," the court explained. *Id.* The court reasoned that the General Assembly's designation of an activity as governmental is dispositive to this question, and after identifying several statutes assigning the relevant governmental unit the responsibility of performing the function at issue, the court concluded that sovereign immunity applied.[2] *Id.* at 359-60, 758 S.E.2d at 646-47.

Applicable to the present case, N.C. Gen. Stat. §§ 115C-40 and -521(c) designate the responsibility of the several boards of education in our State with the ownership and control of all school real and personal property, entrusting the boards

---

[2]Justice (now Chief Justice) Martin authored a separate concurrence in *Bynum*, in which he noted that the reasoning of the majority "would seem to create a categorical rule barring any premises liability claims against counties or municipalities for harms that occur on government property." *Bynum v. Wilson Cnty.*, 367 N.C. 355, 361, 758 S.E.2d 643, 647 (2014) (Martin, J., concurring in result). Plaintiffs contend that the standard advocated by the minority in now-Chief Justice Martin's concurrence is met in the present case. However, we are not free to disregard the majority's reasoning. *See, e.g.*, *Lanvale Props., LLC v. Cnty. of Cabarrus*, 366 N.C. 142, 157, 731 S.E.2d 800, 811 (2012) (observing that the existence of a dissenting opinion does not undermine the precedential value of a majority opinion).

of education with the maintenance and care thereof.  *See* N.C. Gen. Stat. §§ 115C-40,

-521(c) (2014).  In relevant part, N.C. Gen. Stat. § 115C-40 provides:

> The several boards of education, both county and city, shall hold all school property and be capable of purchasing and holding real and personal property, of building and repairing schoolhouses, of selling and transferring the same for school purposes, and of prosecuting and defending suits for or against [themselves].

*Id.* § 115C-40.  N.C. Gen. Stat. § 115C-521(c) further provides that "[t]he building of

all new school buildings and the repairing of all old school buildings shall be under

the control and direction of, and by contract with, the board of education for which

the building and repairing is done."  *Id.* § 115C-521(c).  Therefore, under the

controlling decision of our Supreme Court in *Bynum*, the General Assembly's

assignment of the ownership, maintenance, and repair of school property to the local

school boards of our State is dispositive to the question of whether the function

performed by the Board in the present case is governmental.[3]  Accordingly, we reverse

the trial court's denial of the Board's motion to dismiss.

### III. Conclusion

---

[3]Plaintiffs argue at length that the so-called sidewalks doctrine was not affected by our Supreme Court's decision in *Bynum*.  As a general matter, "[w]hile the maintenance of public roads and highways is generally recognized as a governmental function," the so-called sidewalks doctrine "imposes liability upon a municipality for damages resulting from failure to exercise ordinary care in keeping its streets and sidewalks in a reasonably safe condition[.]" *Millar v. Town of Wilson*, 222 N.C. 340, 342, 23 S.E.2d 42, 44 (1942).  However, we base our conclusion that the ownership, maintenance, and repair of the walkway at issue in the present case – a walkway located on a school campus – was a governmental function on the unequivocal direction of our Supreme Court in *Bynum* that a statutory designation by the General Assembly is dispositive to this question, and do not reach the effect, if any, of *Bynum* on theses prior decisions.

For the reasons stated herein, the trial court's denial of the Board's motion to dismiss is reversed. SKA Consulting and Mr. Wells' appeals are dismissed.

REVERSED IN PART; DISMISSED IN PART.

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).