TYSON, Judge.
 

 *427
 
 James Patrick Brienza ("Officer Brienza") and Gaston County (collectively, "Defendants") appeal from order granting in part and denying in part their motion for summary judgment. We affirm in part, reverse in part, and remand.
 

 I. Factual Background
 

 On 4 September 2010, Corey Scott Hart ("Plaintiff") attended a family gathering with his wife, Pamela Hart ("Mrs. Hart") and his cousin, Frances. Plaintiff consumed approximately twelve cans of beer before leaving shortly after midnight with Mrs. Hart and Frances. After Frances drove Plaintiff and Mrs. Hart to their residence, Plaintiff stated he had left his cell phone in Frances' vehicle and walked to her house to retrieve it. Mrs. Hart became concerned when Plaintiff did not return for some time, so she decided to go to Frances' house to check on him. Mrs. Hart walked through the open front door and discovered Plaintiff and Frances
 
 in flagrante delicto
 
 in Frances' bedroom. A domestic dispute ensued.
 

 Mrs. Hart told Plaintiff not to return to their residence, and, upon her return home, locked Plaintiff out of the house. When Plaintiff discovered he was locked out of his house, he asked Mrs. Hart to give him the keys to his vehicle and his wallet, so he could leave the premises. Mrs. Hart yelled at Plaintiff through an open window, told Plaintiff to leave, and threatened him with a .357 handgun.
 

 *428
 
 Plaintiff retrieved his shotgun from an outbuilding near the residence, fired a shot in the air, and continued to yell at Mrs. Hart to give him his keys and wallet. Plaintiff rested his shotgun on the side of the house and attempted to climb through an open window. Mrs. Hart called 911 and reported the situation.
 

 Gaston County police officers Jimmy Reid Rollins, Jr. ("Officer Rollins"), Jeffrey Kaylor ("Officer Kaylor"), William Blair Hall ("Officer Hall"), and Officer Brienza responded to the call and were dispatched to Plaintiff's residence at approximately 2:41 a.m.
 

 Upon arriving at the residence, which was surrounded by a wooded area, the officers believed they heard additional shots fired, and heard a banging noise on the side of the house. The officers decided this was an active shooter situation and began to advance on the residence. At his criminal trial, Plaintiff testified he was halfway through the window,
 
 *214
 
 with his feet approximately three feet off the ground, when he heard the officers exclaim: "Gaston County Police! Get out of the window and get on the ground!" Officer Brienza testified he yelled to Plaintiff: "Police, don't move!"
 

 According to the officers' testimony, Plaintiff turned to face the officers, simultaneously lowered himself to the ground and reached for his shotgun. Plaintiff alleged in his complaint that "at no time did [he] reach for his shotgun or otherwise demonstrate disobedience to Officer Brienza's commands." Reacting, Officer Brienza discharged his weapon three times at close range and struck Plaintiff in the hip once. Officer Brienza advanced on Plaintiff, with his gun pointed at Plaintiff's head until he was handcuffed and secured.
 

 Plaintiff filed a complaint against Officer Brienza and Gaston County on 29 August 2013. Plaintiff asserted claims against Officer Brienza, in both his official and individual capacities, for the following: (1) assault and battery; (2) intentional infliction of emotional distress; (3) ordinary negligence; (4) gross negligence; and, (5) punitive damages. Plaintiff asserted a claim against Gaston County under the doctrine of respondeat superior. Plaintiff alleged Gaston County had waived its governmental immunity through the purchase of a liability insurance policy pursuant to N.C. Gen.Stat. § 153A-435.
 

 On 7 November 2013, Defendants answered Plaintiff's complaint and filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure, Rules 12(b)(1), (2), and (6). Defendants Gaston County and Officer Brienza alleged they were entitled to the defenses of
 
 *429
 
 governmental immunity and public official immunity, respectively. The trial court denied Defendants' motions to dismiss on 18 September 2014.
 

 After discovery, Defendants moved for summary judgment based upon governmental immunity and public official immunity. On 21 July 2015, the trial court entered an order granting in part and denying in part Defendants' motion for summary judgment. The trial court granted summary judgment in favor of all Defendants as to Plaintiff's claims for intentional infliction of emotional distress, ordinary negligence, and gross negligence. The trial court granted summary judgment in favor of Gaston County and Officer Brienza in his official capacity as to Plaintiff's claim for punitive damages. Plaintiff did not appeal from that ruling and that judgment is now final.
 

 The trial court denied Defendants' motion for summary judgment on Plaintiff's claim for assault and battery against Officer Brienza in his individual and official capacities, and Plaintiff's claim against Gaston County under the doctrine of respondeat superior. The trial court also denied Defendants' motion for summary judgment on Plaintiff's claim for punitive damages against Officer Brienza in his individual capacity.
 

 After the trial court entered its order, which granted in part and denied in part Defendants' motion for summary judgment, Plaintiff's remaining claims against Defendants were as follows: (1) assault and battery against Officer Brienza, in both his official and individual capacities; (2) punitive damages against Officer Brienza, in his individual capacity only; and (3) imputed liability to Gaston County under the doctrine of respondeat superior. Defendants gave notice of appeal to this Court.
 

 II. Issues
 

 Defendants argue the trial court erred by denying their motion for summary judgment as to Plaintiff's claims for: (1) assault and battery against Officer Brienza; (2) imputed liability under the doctrine of respondeat superior against Gaston County; and (3) punitive damages against Officer Brienza.
 

 III. Standard of Review
 

 Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2015) ;
 
 see
 

 Draughon v. Harnett Cnty. Bd. of Educ.,
 

 158 N.C.App. 208
 
 , 212,
 
 580 S.E.2d 732
 
 , 735 (2003) (citation omitted),
 
 aff'd per curiam,
 

 358 N.C. 131
 
 ,
 
 591 S.E.2d 521
 
 (2004).
 

 *215
 

 *430
 
 "In a motion for summary judgment, the evidence presented to the trial court must be ... viewed in a light most favorable to the non-moving party."
 
 Howerton v. Arai Helmet, Ltd.,
 

 358 N.C. 440
 
 , 467,
 
 597 S.E.2d 674
 
 , 692 (2004) (citations omitted).
 

 An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
 

 A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Generally this means that on undisputed aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.
 

 Lowe v. Bradford,
 

 305 N.C. 366
 
 , 369,
 
 289 S.E.2d 363
 
 , 366 (1982) (citations and internal quotation marks omitted). This Court reviews a trial court's summary judgment order
 
 de novo
 
 .
 
 Sturgill v. Ashe Mem'l Hosp., Inc.,
 

 186 N.C.App. 624
 
 , 626,
 
 652 S.E.2d 302
 
 , 304 (2007),
 
 disc. review denied,
 

 362 N.C. 180
 
 ,
 
 658 S.E.2d 662
 
 (2008).
 

 IV. Analysis
 

 A. Jurisdiction
 

 "[T]he denial of a motion for summary judgment is a nonappealable interlocutory order."
 
 Northwestern Fin. Grp. v. Cnty. of Gaston,
 

 110 N.C.App. 531
 
 , 535,
 
 430 S.E.2d 689
 
 , 692 (citation omitted),
 
 disc. review denied,
 

 334 N.C. 621
 
 ,
 
 435 S.E.2d 337
 
 (1993). This Court will only address the merits of such an appeal if "a substantial right of one of the parties would be lost if the appeal were not heard prior to the final judgment."
 

 Id.
 

 (citation omitted).
 

 It is well-settled that "[o]rders denying dispositive motions based on the defenses of governmental and public official's immunity affect a substantial right and are immediately appealable."
 
 Thompson v. Town of Dallas,
 

 142 N.C.App. 651
 
 , 653,
 
 543 S.E.2d 901
 
 , 903 (2001) (citing
 
 Corum
 

 *431
 

 v. Univ. of North Carolina,
 

 97 N.C.App. 527
 
 ,
 
 389 S.E.2d 596
 
 (1990) ),
 
 aff'd in part, reversed in part, and remanded,
 

 330 N.C. 761
 
 ,
 
 413 S.E.2d 276
 
 ,
 
 reh'g denied,
 

 331 N.C. 558
 
 ,
 
 418 S.E.2d 664
 
 (1992). This Court has allowed immediate appeal in these cases because "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."
 
 Epps v. Duke Univ., Inc.,
 

 122 N.C.App. 198
 
 , 201,
 
 468 S.E.2d 846
 
 , 849 (citations and quotation marks omitted),
 
 disc. review denied,
 

 344 N.C. 436
 
 ,
 
 476 S.E.2d 115
 
 (1996). Defendants' appeal is properly before this Court.
 

 B. Public Official Immunity
 

 The doctrine of public official immunity is a "derivative form" of governmental immunity.
 
 Epps,
 

 122 N.C.App. at 203
 
 ,
 
 468 S.E.2d at 850
 
 . Public official immunity precludes suits against public officials in their individual capacities and protects them from liability "[a]s long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption[.]"
 
 Smith v. State,
 

 289 N.C. 303
 
 , 331,
 
 222 S.E.2d 412
 
 , 430 (1976) (citation omitted). "Actions that are malicious, corrupt or outside of the scope of official duties will pierce the cloak of official immunity[.]"
 
 Moore v. Evans,
 

 124 N.C.App. 35
 
 , 42,
 
 476 S.E.2d 415
 
 , 421 (1996) (citations omitted).
 

 A malicious act is one which is: "(1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another."
 
 Wilcox v. City of Asheville,
 

 222 N.C.App. 285
 
 , 289,
 
 730 S.E.2d 226
 
 , 230 (2012),
 
 disc. review denied and appeal dismissed,
 

 366 N.C. 574
 
 ,
 
 738 S.E.2d 363
 
 (2013). Our Supreme Court held "the intention to inflict injury may be constructive" where an individual's conduct "is so reckless or so manifestly indifferent to the consequences,
 
 *216
 
 where the safety of life or limb is involved, as to justify a finding of wilfulness [sic] and wantonness equivalent in spirit to an actual intent."
 
 Foster v. Hyman,
 

 197 N.C. 189
 
 , 192,
 
 148 S.E. 36
 
 , 38 (1929) (citation omitted).
 

 "[W]anton and reckless behavior may be equated with an intentional act" in the context of intentional tort claims, including assault and battery.
 
 Pleasant v. Johnson,
 

 312 N.C. 710
 
 , 715,
 
 325 S.E.2d 244
 
 , 248 (1985). This Court held "evidence of constructive intent to injure may be allowed to support the malice exception to [public official] immunity."
 
 Wilcox,
 

 222 N.C.App. at 291
 
 ,
 
 730 S.E.2d at 232
 
 .
 

 N.C. Gen.Stat. § 15A-401(d)(2) delineates the circumstances under which an officer's use of deadly force is justified. "Although undeterred
 
 *432
 
 and vigorous enforcement of official duties is a generally laudable goal in this State, with respect to the use of deadly force in apprehending criminal suspects, our legislature has evinced a clear intent to hamper and deter officers performing that specific duty."
 
 Wilcox,
 

 222 N.C.App. at 290-91
 
 ,
 
 730 S.E.2d at 231
 
 . N.C. Gen.Stat. § 15A-401(d)(2) states in pertinent part:
 

 A law-enforcement officer is justified in using deadly physical force upon another person ... only when it is or appears to be reasonably necessary thereby ... [t]o defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force[.] ... Nothing in this subdivision constitutes justification for willful, malicious or criminally negligent conduct by any person which injures or endangers any person or property, nor shall it be construed to excuse or justify the use of unreasonable or excessive force.
 

 N.C. Gen.Stat. § 15A-401(d)(2) (2015).
 

 Pursuant to this statute, a law enforcement officer may be subject to liability for "recklessness" or "heedless indifference to the safety and rights of others" when using deadly force.
 
 State v. Weston,
 

 273 N.C. 275
 
 , 280,
 
 159 S.E.2d 883
 
 , 886 (1968) (citations and quotation marks omitted). The commentary to N.C. Gen.Stat. § 15A-401(d)(2) notes "the law-enforcement officer cannot act with indifference to the safety of others in the use of force." N.C. Gen.Stat. § 15A-401(d) official commentary. Implicit in this statute "is the notion that unjustified use of deadly force may lead to civil liability."
 
 Wilcox,
 

 222 N.C.App. at 291
 
 ,
 
 730 S.E.2d at 231
 
 .
 

 Here, conflicting evidence exists to create genuine issues of fact concerning whether Plaintiff was complying with the officers' commands or reaching for his shotgun, thereby justifying Officer Brienza's use of force, when the officers ordered him to "freeze" and "get on the ground." In his complaint, Plaintiff alleged he was "unarmed with arms raised" at the time Officer Brienza discharged his weapon three separate times. Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, a triable issue of fact exists of whether Officer Brienza's actions were sufficient to "pierce the cloak of official immunity."
 
 Moore,
 

 124 N.C.App. at 42
 
 , 476 S.E.2d at 421 (citation omitted). The trial court did not err by denying Officer Brienza's motion for summary judgment on Plaintiff's claims against him in his individual capacity. This argument is overruled.
 

 *433
 

 C. Governmental Immunity
 

 Defendant Gaston County argues the trial court erred by denying its motion for summary judgment. This argument also applies to Plaintiff's claim against Officer Brienza in his official capacity. The county contends it was entitled to the defense of governmental immunity, and it did not waive this defense through the purchase of liability insurance.
 

 The general rule in North Carolina is that a municipality is immune from torts committed by an employee carrying out a governmental function. Law enforcement operations are clearly governmental activities for which a municipality is generally immune. A municipality may, however, waive its governmental immunity to the extent it has purchased liability insurance.
 

 Turner v. City of Greenville,
 

 197 N.C.App. 562
 
 , 565-66,
 
 677 S.E.2d 480
 
 , 483 (2009) (citations and internal quotation marks omitted);
 
 see
 
 N.C. Gen.Stat. § 153A-435(a) (2015) ("Purchase of insurance pursuant to this subsection
 
 *217
 
 waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function.").
 

 A governmental entity does not waive sovereign immunity if the action brought against them is excluded from coverage under their insurance policy. Further, waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed.
 

 Patrick v. Wake Cnty. Dep't of Human Servs.,
 

 188 N.C.App. 592
 
 , 595-96,
 
 655 S.E.2d 920
 
 , 923 (2008) (citations and internal quotation marks omitted) (holding defendants did not waive sovereign immunity through the purchase of liability insurance policy and properly asserted sovereign immunity as an affirmative defense in their answer to plaintiff's complaint).
 

 In
 
 Estate of Earley v. Haywood Cnty. Dep't of Soc. Servs.,
 

 204 N.C.App. 338
 
 , 343,
 
 694 S.E.2d 405
 
 , 409-10 (2010), this Court recognized
 

 the arguably circular nature of the logic employed in
 
 Patrick.
 
 The facts are that the legislature explicitly provided that governmental immunity is waived to the extent of insurance coverage, but the subject insurance contract eliminates any potential waiver by excluding from
 
 *434
 
 coverage claims that would be barred by sovereign immunity. Thus, the logic in
 
 Patrick
 
 boils down to: Defendant retains immunity because the policy doesn't cover [its] actions and the policy doesn't cover [its] actions because [it] explicitly retains immunity. Nonetheless in this case, as in
 
 Patrick,
 
 where the language of both the applicable statute and the exclusion clause in the insurance contract are clear, we must decline Plaintiff's invitation to implement "policy" in this matter. Any such policy implementation is best left to the wisdom of the legislature.
 

 Here, Defendants acknowledge the purchase of liability insurance by Gaston County. Defendants argue the policy excludes Plaintiff's claims from coverage. Defendant Gaston County's liability insurance policy includes a provision entitled "Preservation of Governmental Immunity-North Carolina." This provision states:
 

 1. The following is added to each Section that provides liability coverage: This insurance applies to the tort liability of any insured
 
 only to the extent that such tort liability is not subject to any defense of governmental immunity
 
 under North Carolina law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
 

 2. ....
 
 Your purchase of this policy is not a waiver,
 
 under North Carolina General Statute Section 160A-485 or any amendments to that section,
 
 of any governmental immunity
 
 that would be available to any insured had you not purchased this policy.
 

 (emphasis supplied).
 

 The insurance policy provision at issue here is "materially indistinguishable" from the provisions in
 
 Patrick
 
 and
 
 Estate of Earley.
 
 We are therefore bound by this Court's prior holdings.
 
 Wright v. Gaston Cnty.,
 

 205 N.C.App. 600
 
 , 608,
 
 698 S.E.2d 83
 
 , 89-90 (2010) (citing
 
 In re Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ). The unambiguous language in Gaston County's liability insurance policy clearly preserves the defense of governmental immunity. Defendant Gaston County did not waive its governmental immunity through the purchase of this policy and properly asserted this affirmative defense in its answer.
 

 The defense of governmental immunity applies to bar Plaintiff's claim against Gaston County under the doctrine of respondeat superior,
 
 *435
 
 as well as the claims against Officer Brienza in his official capacity.
 
 Schlossberg v. Goins,
 

 141 N.C.App. 436
 
 , 439-40,
 
 540 S.E.2d 49
 
 , 52 (2000) (citations omitted) ("In North Carolina, governmental immunity serves to protect a municipality, as well as its officers or employees who are sued in their official capacity, from suits arising from torts committed while the officers or employees are performing a governmental function.... That immunity is absolute unless the [county] has consented to being sued or otherwise waived its right to immunity."),
 
 disc. review denied,
 

 355 N.C. 215
 
 ,
 
 560 S.E.2d 136
 
 (2002).
 
 *218
 
 The portions of the trial court's order denying Defendants' motion for summary judgment on Plaintiff's claims against Gaston County under the doctrine of respondeat superior and against Officer Brienza in his official capacity are reversed, and this cause remanded on those issues.
 

 D. Punitive Damages
 

 "Punitive damages may be awarded, in an appropriate case ... to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1 (2015) ;
 
 see
 

 Rhyne v. K-Mart Corp.,
 

 358 N.C. 160
 
 , 167,
 
 594 S.E.2d 1
 
 , 7 (2004). Recovery of punitive damages requires a claimant to prove by clear and convincing evidence that the defendant is liable for compensatory damages, and the presence of one of the following aggravating factors: (1) fraud; (2) malice; or (3) willful or wanton conduct. N.C. Gen. Stat. § 1D-15 (2015). "[P]laintiff's complaint
 
 must
 
 allege facts or elements showing the aggravating circumstances which would justify the award of punitive damages."
 
 Shugar v. Guill,
 

 304 N.C. 332
 
 , 336,
 
 283 S.E.2d 507
 
 , 509 (1981) (emphasis in original) (citing
 
 Cook v. Lanier,
 

 267 N.C. 166
 
 , 172,
 
 147 S.E.2d 910
 
 , 915-16 (1966) ).
 

 Our General Assembly has statutorily defined "willful or wanton conduct" as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. § 1D-5(7) (2015). Willful or wanton conduct requires more than a showing of gross negligence.
 

 Id.
 

 "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another."
 
 Grad v. Kaasa,
 

 312 N.C. 310
 
 , 313,
 
 321 S.E.2d 888
 
 , 890 (1984) (citation omitted);
 
 see also
 
 N.C. Gen. Stat. § 1D-5(5) (" 'Malice' means a sense of personal ill will toward the claimant that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the claimant.").
 

 *436
 
 In his claim for relief seeking punitive damages, Plaintiff alleged:
 

 26. That, upon information and belief, at the aforementioned time and place, Defendant Brienza fired shots on the Plaintiff, who was unarmed with arms raised, on three separate occasions and intentionally did not give the Plaintiff the opportunity to follow his commands but, instead, fired three shots directly at the Plaintiff in an effort to seriously wound, maim or kill the Plaintiff.
 

 27. .... [A]fter Defendant Brienza fired the first shot at the Plaintiff, believing that he had failed to wound, maim, or kill the Plaintiff, intentionally, maliciously, wanton [sic] and willfully attempted to shoot the unarmed Plaintiff a second and a third time.
 

 28. .... Defendant Brienza, by his own admission, could not understand why the Plaintiff was not dead after he fired the shots at the Plaintiff, stating: "I can't believe you're not mother* * * *ing dead" while pushing his assault rifle on the back of the Plaintiff's head.
 

 ....
 

 42. That, at all times complained of herein, Defendant Brienza's willful and wanton conduct, consisting of his shooting the unarmed Plaintiff despite Plaintiff's compliance with his commands, was a conscious and intentional disregard of and/or indifference to the rights and safety of the Plaintiff, which Defendant Brienza knows or should know is reasonably likely to result in injury, damage, or other harm, and thus would support an award of punitive damages.
 

 As the moving party for summary judgment, Officer Brienza had "the burden of showing that no material issues of fact exist, such as by demonstrating through discovery that the opposing party cannot produce evidence to support an essential element of his claim or defense."
 
 Dixie Chem. Corp. v. Edwards,
 

 68 N.C.App. 714
 
 , 715,
 
 315 S.E.2d 747
 
 , 749 (1984) (citation omitted). The allegations above, considered in conjunction with Plaintiff's other allegations and reviewed in the light most favorable to Plaintiff, as we must on a motion for summary judgment, are
 
 *219
 
 sufficiently egregious, if proved by the appropriate standard of evidence, to support a finding that Officer Brienza's conduct was willful and either intentionally or recklessly injurious. N.C. Gen. Stat. § 1D-5(5), (7).
 
 *437
 
 Plaintiff's complaint forecasts a genuine issue of material fact regarding Officer Brienza's conduct. Officer Brienza failed to produce evidentiary materials at the summary judgment stage to show Plaintiff would be unable to produce evidence to support his allegations. Officer Brienza failed to carry his burden to show no genuine issue of material fact exists. This argument is overruled. The denial of Officer Brienza's motion for summary judgment regarding Plaintiff's claim for punitive damages is affirmed.
 

 V. Conclusion
 

 A triable issue of fact exists as to whether Officer Brienza exceeded the scope of his lawful authority to use deadly force under the circumstances, which would "pierce the cloak" of his public official immunity to which he is otherwise entitled.
 
 Moore,
 

 124 N.C.App. at 42
 
 , 476 S.E.2d at 421 (citation omitted). The trial court did not err by denying Defendants' motion for summary judgment as to Plaintiff's claim for assault and battery against Officer Brienza in his individual capacity.
 

 Gaston County did not waive its governmental immunity, and subject itself to suit, through its purchase of a liability insurance policy. The insurance policy contains a "Preservation of Governmental Immunity" provision, which explicitly states the policy is not a waiver of governmental immunity, and the claims asserted by Plaintiff are not covered. The trial court erred by denying Defendants' motion for summary judgment on Plaintiff's claim asserting Gaston County is liable under the doctrine of respondeat superior. Gaston County's governmental immunity also shields Officer Brienza from liability in his official capacity.
 
 Schlossberg,
 

 141 N.C.App. at 439
 
 ,
 
 540 S.E.2d at 52
 
 . These portions of the trial court's summary judgment order are reversed.
 

 Plaintiff's complaint forecasts genuine issues of material facts regarding whether Officer Brienza's conduct was sufficiently egregious to support an award of punitive damages. Officer Brienza failed to produce evidentiary materials at the summary judgment hearing to show Plaintiff would be unable to produce evidence to support his allegations. The trial court did not err by denying Defendants' motion for summary judgment as to Plaintiff's claim against Officer Brienza in his individual capacity for punitive damages.
 

 The judgment appealed from is affirmed in part regarding the assault and battery and punitive damages claims against Officer Brienza in his individual capacity. The judgment appealed from is reversed in part
 
 *438
 
 concerning Defendant Gaston County and Officer Brienza in his official capacity, and remanded for further proceedings.
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 Judges GEER and INMAN concur.