THEODORE LEWIS SURRETTE v. DUKE POWER COMPANY

No. 8526SC468

(Filed 7 January 1986)

**1. Electricity § 6; Negligence § 30.2— injury while stringing electical wire—proximate cause of injury—insufficient evidence of negligence**

In an action to recover damages for personal injuries allegedly caused by defendant's negligence, the trial court properly entered summary judgment for defendant where the evidence tended to show that defendant provided a puller-tensioner to plaintiff's employer to facilitate plaintiff's job of installing wire onto power poles; although the bolt which initially broke was in the puller-tensioner when plaintiff began using the machine, there was no evidence that the bolt was other than the original bolt installed at the time the machine was manufactured, that it was improperly installed, or that defendant should have been aware, by reasonable maintenance and inspection, that it might break; there was no evidence suggesting that plaintiff was injured when the first bolt sheared; there was no evidence that defendant's employees instructed plaintiff or his co-worker to install an inadequate bolt or pressured plaintiff to continue the work under unsafe conditions; there was evidence that plaintiff's employer was authorized to procure, at defendant's expense, parts and equipment necessary to the performance of the work; and there was evidence that plaintiff installed an inadequate bolt and fell a third time when a rope separated from the wire which was being installed, but this occurrence did not involve defendant; and after this third fall, plaintiff's foreman reduced tension on the wire and the job was completed without further incident, even though plaintiff continued to use the puller-tensioner with a 3/8 inch carriage bolt installed in the place of the proper ½ inch bolt.

**2. Negligence § 35.1— continued operation of machinery—contributory negligence**

Defendant in a personal injury action was entitled to summary judgment on the basis of plaintiff's contributory negligence where the evidence tended to show that plaintiff operated a piece of machinery while fully aware that the mechanism connecting the motor to a reel required a case-hardened ½ inch bolt because of its strength; he knew that a ½ inch bolt had sheared, causing him to fall; he nevertheless proceeded to operate the machine using a weaker 3/8 inch carriage bolt; and, when the smaller bolt failed, plaintiff fell again and sustained an injury.

---

---

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 24 January 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 November 1985.

In this civil action, plaintiff seeks damages for personal injuries which he alleges were proximately caused by negligence on the part of Duke Power Company (Duke). Specifically, plaintiff alleges that he was injured on 5 May 1981 while he was engaged in his employment as a lineman for Harrison-Wright Company, Inc. (Harrison-Wright), a contractor employed by Duke to install electrical wire onto power poles. In order to facilitate the installation of the wire, Duke provided for Harrison-Wright's use a piece of equipment known as a puller-tensioner, a trailer mounted device consisting of a large motor driven reel wound with heavy rope. Plaintiff alleges that as he was using the machine to pull electical wire, a bolt sheared, causing him to lose his balance and fall down an embankment. He contends that Duke was negligent in failing to properly inspect and maintain the machine and in furnishing an unsafe machine.

In its answer, Duke denied any negligence on its part and asserted, as affirmative defenses, contributory negligence on the part of plaintiff and his employer. Both plaintiff and Duke moved for summary judgment. When the motions were heard, the only materials submitted to the court, other than the pleadings, were depositions of Nelton A. Mullis, plaintiff's foreman, and Charles David Powell, a co-employee who was working at the puller-tensioner with plaintiff at the time of the events in question. These depositions tended to show that Duke had provided the puller-tensioner to Harrison-Wright on previous occasions and had furnished manuals and instruction as to its use. Both Mullis and Powell had used the puller-tensioner or similar equipment on several occasions before 5 May 1981.

In order to install wire, rope is unwound from the reel on the puller-tensioner and strung over the power poles to the place where the wire truck is located. The rope is attached to the wire, and is then rewound onto the reel of the puller-tensioner, causing the wire to be pulled into place along the power poles. Plaintiff's job was to guide the rope back onto the reel evenly and required that he exert pressure on the rope.

On 5 May 1981 plaintiff and Powell went to the site where the puller-tensioner was located about 3,500 feet from the wire truck where Mullis and another Harrison-Wright employee were working. Shortly after plaintiff and Powell began pulling wire, a bolt, which was a part of the mechanism connecting the motor to the reel broke, relieving tension on the reel and causing the rope to go slack. When the rope went slack, plaintiff lost his balance and fell. He apparently was not injured by this fall. The bolt which sheared was a $1/2$ inch bolt; it was not preserved as evidence. At plaintiff's suggestion, Powell radioed Duke's service office and requested a $1/2$ inch case-hardened bolt to replace the broken bolt. He was advised that Duke had no such bolt in stock and that he should use whatever was available. Powell had some 3/8 inch carriage bolts in his truck and he and plaintiff used one of these carriage bolts to replace the $1/2$ inch bolt which had sheared. Shortly after they resumed operation of the machine, this bolt either broke or came out of the mechanism, causing plaintiff to fall again. On this occasion, he fell over some logs and debris and complained to Powell that he had injured his knee. He and Powell replaced the broken bolt with another 3/8 inch carriage bolt and resumed work. At some point later in the day, the grip connecting the rope to the wire came loose, causing the plaintiff to fall a third time. He complained about his knee on that occasion as well. After this incident, Powell requested Mullis to reduce the amount of tension placed on the wire as it was being drawn out of the wire truck. The pulling operation was then completed without further incident. On the following day, Mullis purchased several case-hardened $1/2$ inch bolts in Hendersonville for use on the machine.

The trial court concluded that there were no issues of material fact and that Duke was entitled to judgment in its favor. From the order granting Duke's motion for summary judgment, plaintiff appeals.

*Warren & Mallonee, by Bob Warren and L. Lane Mallonee; and D. Thomas Johnson, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by Rodney Dean, for defendant appellee.*

MARTIN, Judge.

Plaintiff assigns as error the denial of his motion for summary judgment and the granting of summary judgment in favor of Duke Power Company. Although the trial court did not specify the basis upon which defendant's motion was granted, our review of the record discloses two grounds upon which the trial court's order can be supported, either of which would entitle defendant to summary judgment. Accordingly, the trial court's judgment must be affirmed.

The rules with respect to summary judgment are well established. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c).

> An issue is genuine if it "may be maintained by substantial evidence." (Citations omitted.)
>
>     . . . .
>
> [A] fact is material if it would constitute or would irrevocably establish any material element of a claim or defense. (Citation omitted.)

*City of Thomasville v. Lease-Afex, Inc.,* 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980). The moving party must establish not only the lack of a genuine issue as to a material fact, but also that he is entitled to judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980). The evidence presented must be viewed in the light most favorable to the non-movant. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied,* 281 N.C. 516 (1972). Summary judgment is rarely appropriate in negligence cases, even when there is no dispute as to the facts, because the issue of whether a party acted in conformity with the reasonable person standard is ordinarily an issue to be determined by a jury. *Moore v. Crumpton,* 306 N.C. 618, 295 S.E. 2d 436 (1982). However, summary judgment may be granted, in a negligence case where there is no question as to the credibility of witnesses and the evidence shows either (1) a lack of any negligence on the part of the defendant, *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979) or (2)

that plaintiff was contributorily negligent as a matter of law. *Brooks v. Francis*, 57 N.C. App. 556, 291 S.E. 2d 889 (1982).

In this case, neither party submitted affidavits, answers to interrogatories or admissions in support of their respective motions for summary judgment. Both plaintiff and defendant relied solely upon the depositions of Mullis and Powell; there is no dispute as to the credibility of either witness.

[1]   The first issue which we must consider is whether the evidence, considered in the light most favorable to plaintiff, raises any genuine issue as to negligence on Duke's part, and if so, as to whether such negligence was a proximate cause of plaintiff's injury. We conclude that it does not. Although the bolt which initially broke was in the puller-tensioner when plaintiff began using the machine, there was no evidence that the bolt was other than the original bolt installed at the time the machine was manufactured, that it was improperly installed, or that Duke should have been aware, by reasonable maintenance and inspection, that it might break. In addition, there was no evidence suggesting that plaintiff was injured when the first bolt sheared. Thus, the evidence with respect to the initial incident is insufficient to raise a genuine issue as to any negligence on the part of Duke which proximately caused an injury to plaintiff.

Even so, plaintiff contends that after Duke had been informed of the initial incident, a Duke employee instructed plaintiff and Powell to use an improper bolt to get the puller-tensioner back in operation. Plaintiff argues that Duke should have known of the danger involved in the use of an improper bolt in the machine and was negligent in failing to prevent the continued use of the puller-tensioner until a proper replacement bolt could be located. The evidence, however, indicates that when Powell radioed Duke's service center, he was told only that Duke did not stock the kind of bolt that he requested and that he would have to use whatever was available to him to repair the machine. There was no evidence that any of Duke's employees instructed Powell or plaintiff to install an inadequate bolt in the machine or pressured plaintiff or his employer to continue the work under unsafe conditions. There was also evidence that Harrison-Wright was authorized to procure, at Duke's expense, parts and equipment necessary to the performance of the work, and that plaintiff's foreman purchased

several ½ inch case-hardened bolts the day after these incidents occurred. Finally, there was evidence that plaintiff fell a third time when the rope separated from the wire which was being installed, an occurrence not involving Duke. After this incident plaintiff's foreman reduced tension on the wire and the job was completed without further incident, even though plaintiff and Powell continued to use the puller-tensioner with a 3/8 inch carriage bolt installed in lieu of the proper ½ inch bolt. From our review of all the evidence, and giving plaintiff the benefit of every reasonable inference to be drawn therefrom, we find no substantial evidence of any fact which would tend to establish negligence on the part of Duke or that any act or omission on Duke's part proximately caused any injury to plaintiff.

[2] Even if the evidence had disclosed a genuine issue of material fact as to the negligence of Duke, Duke would nevertheless be entitled to summary judgment on the basis of plaintiff's contributory negligence as a matter of law. The evidence establishes that plaintiff was fully aware that the mechanism connecting the motor to the reel required a case-hardened ½ inch bolt because of its strength. He also knew that a ½ inch bolt had sheared, causing him to fall. Nevertheless, he proceeded to operate the machine using a weaker 3/8 inch carriage bolt. When the smaller bolt failed, plaintiff fell again and sustained an injury.

"[T]he law imposes upon a person *sui juris* the obligation to use ordinary care for his own protection, and the degree of such care should be commensurate with the danger to be avoided." *Mintz v. Town of Murphy*, 235 N.C. 304, 314, 69 S.E. 2d 849, 858 (1952). A person is considered to be contributorily negligent if "he acts or fails to act with knowledge and appreciation, either actual or constructive, of a danger of injury. . . ." *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E. 2d 593, 597 (1965).

The evidence discloses that plaintiff was aware of the danger involved in operating the puller-tensioner without the proper bolt, that he proceeded to use the machine notwithstanding such knowledge, and that he was injured by reason of such conduct. Thus, his use of the machine rendered him contributorily negligent as a matter of law.

Because we hold that defendant's motion for summary judgment was properly allowed, we deem it unnecessary to discuss the denial of plaintiff's motion for summary judgment. The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.