FOX v. PGML, LLC

[228 N.C. App. 28 (2013)]

———————————

CATHY FOX, Plaintiff

v.

PGML, LLC, MARIE TOMASULO, and ESTATE OF GARY LEE TOMASULO, BY AND THROUGH ITS EXECUTRIX, MARIE T. TOMASULO, DEFENDANTS

No. COA12-1257

Filed 18 June 2013

**1. Premises Liability—slippery exterior stairway—building codes—summary judgment not appropriate**

The trial court erred by granting summary judgment for defendants in a negligence action involving a fall down an exterior

FOX v. PGML, LLC

[228 N.C. App. 28 (2013)]

stairway where there was conflicting engineering testimony about whether the stairway met code requirements.

**2. Premises Liability—contributory negligence—slippery exterior stairway—summary judgment inappropriate**

Summary judgment could not be granted for defendants in a negligence action arising from a fall on an exterior stairway where the evidence did not conclusively establish that plaintiff's failure to recognize the condition of the stairs was unreasonable.

Appeal by plaintiff from order entered 12 June 2012 by Judge W. Russell Duke, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 13 March 2013.

*Law Offices of James Scott Farrin, by Adrienne Blocker, for plaintiff-appellant.*

*Haywood, Denny & Miller, L.L.P., by John R. Kincaid, for defendant-appellees.*

CALABRIA, Judge.

Cathy Fox ("plaintiff") appeals from the trial court's order granting summary judgment in favor of PGML, LLC, and the Estate of Gary Lee Tomasulo ("Tomasulo"), by and through its executrix, Marie Tomasulo[1] (collectively "defendants"). We reverse and remand.

## I. Background

Defendants own a building located at 217 West Main Street in Washington, North Carolina ("the building") that is rented to tenants for use as retail stores, apartments, and storage. In July 2009, Tomasulo hired a crew to paint the metal steps on the exterior fire escape at the rear of the building. During the morning of 7 September 2009, Tomasulo was cleaning the upper floor of the building. Shortly before 9 a.m., Randy Walker, the owner of the adjacent building, discovered Tomasulo's body lying on the concrete next to the building's staircase and contacted law enforcement.

Plaintiff, a law enforcement officer employed by the City of Washington, arrived at the building to investigate Tomasulo's death.

---

1. At the outset of the summary judgment hearing, plaintiff consented to entry of dismissal against defendant Marie Tomasulo in her individual capacity.

During the investigation, plaintiff climbed to the top of the stairs to gather evidence about Tomasulo's fall. The steps were wet from rain that had occurred earlier in the day. While descending the staircase, plaintiff slipped on one of the wet stairs and fell to the landing below. As a result of the fall, plaintiff sustained an injury to her right shoulder, which required arthroscopic surgery.

On 13 July 2011, plaintiff filed a complaint in Beaufort County Superior Court against defendants alleging negligence. On 19 April 2012, defendants filed a motion for summary judgment. The trial court heard defendants' motion on 21 May 2012.

During the summary judgment hearing, defendants presented an affidavit from J. Stephen Janowski ("Janowski"), a civil engineer, which stated that the stairs were "in compliance in all respects with all applicable North Carolina and Beaufort County codes and building standards given the date of construction." Plaintiff responded with an affidavit from Michael J. Whitley ("Whitley"), a consulting engineer, which stated that the exterior staircase was an unreasonably slippery surface that did not meet the minimum requirements established by the 1953 North Carolina building code. In addition, the affidavit also averred that "the exterior stairway did not meet the minimum requirements for proper guards on the unenclosed sides of the stairway nor for the stair riser height and depth." After considering both affidavits and the arguments of the parties, the trial court granted defendants' motion for summary judgment on 12 June 2012. Plaintiff appeals.

## II.  Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)(quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). The party that moves "for summary judgment has the burden of establishing the lack of any triable issue." *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

## III.  Premises Liability

### A.  Negligence

[1] Plaintiff argues that the trial court erred by granting defendants' motion for summary judgment. Specifically, plaintiff contends that there were genuine issues of material fact regarding whether defendants

maintained the stairway consistent with the standard of care owed to plaintiff. We agree.

In North Carolina, "the landowner now is required to exercise reasonable care to provide for the safety of all lawful visitors. . . ." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161, 516 S.E.2d 643, 646 (1999). In order to prove a defendant's negligence, a "plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992). "Summary judgment is rarely appropriate in negligence cases, even when there is no dispute as to the facts, because the issue of whether a party acted in conformity with the reasonable person standard is ordinarily an issue to be determined by a jury." *Surrette v. Duke Power Co.*, 78 N.C. App. 647, 650, 338 S.E.2d 129, 131 (1986).

To determine whether or not the court should grant summary judgment in a premises liability case, courts have focused on whether or not the premises met relevant building standards and whether there was evidence of a lack of notice of any prior problems with the premises. *See Davis ex rel. Gholston v. Cumberland Cnty. Bd. of Educ.*, ___ N.C. App. ___, ___, 720 S.E.2d 418, 421 (2011). "Whether or not a building meets these standards, though not determinative of the issue of negligence, has some probative value as to whether or not defendant failed to keep his [premises] in a reasonably safe condition." *Thomas v. Dixson*, 88 N.C. App. 337, 343, 363 S.E.2d 209, 213 (1988).

In the instant case, plaintiff did not assert that defendants had notice of any dangerous conditions on the stairway. Instead, plaintiff contends that the conflicting evidence as to whether the stairway complied with all relevant building code provisions created a genuine issue of material fact. Plaintiff argues that she presented evidence that the condition of the stairway violated several requirements of the building code, and that this evidence was "probative value as to whether or not defendant[s] failed to keep [the stairway] in a reasonably safe condition." *See id.*

In support of their motion for summary judgment, defendants presented an affidavit from Janowski averring that the staircase was in compliance with all relevant building codes. Plaintiff challenged defendants' motion by presenting an affidavit from Whitley which contradicted defendants' evidence by alleging specific violations of the relevant building codes. These affidavits establish the existence of conflicting evidence regarding whether defendants breached the standard

of care in their maintenance of the stairway that must be resolved by a jury. Specifically, Whitley's affidavit would require a jury to determine whether (1) the exterior staircase was an unreasonably slippery surface that did not meet the minimum requirements provided by the 1953 North Carolina building code; (2) the stairway met the minimum requirements for proper guards on the unenclosed sides of the stairway; and (3) the stair riser height and depth satisfied minimum requirements. Since we are not satisfied that the affidavits presented at the summary judgment hearing support the trial court's conclusion that there were no genuine issues as to any material fact regarding the stairway's compliance with applicable building code provisions, we determine that the trial court erred by granting defendants' motion for summary judgment.

### B.  Contributory Negligence

[2] Defendants argue that, regardless of the evidence regarding the issue of defendants' negligence, summary judgment was still appropriate because plaintiff was contributorily negligent. We disagree.

In North Carolina, "[a] finding of contributory negligence is a bar to recovery from a defendant for acts of ordinary negligence." *Bosley v. Alexander*, 114 N.C. App. 470, 472, 442 S.E.2d 82, 83-84 (1994). Summary judgment is rarely appropriate for contributory negligence issues. *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 104, 479 S.E.2d 259, 261 (1997). "Only where plaintiff's own negligence discloses contributory negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." *Id.*

Defendants argue that plaintiff was negligent because at the time she found Tomasulo's body at the base of the wet metal stairs, she had notice that the stairs were dangerous. In addition, defendants point to plaintiff's testimony which indicated that she did not see the wet stairs or take any extra precautions when descending the stairs. However, this evidence does not establish conclusively that plaintiff's failure to recognize the condition of the stairs was unreasonable. While defendants' conclusion may be plausible based on the evidence, it is not clearly the only reasonable conclusion that could be reached. As a result, summary judgment should not be granted based on contributory negligence.

### IV.  Conclusion

Accordingly, there were genuine issues of fact regarding whether the staircase complied with all relevant building code provisions. These issues of fact are directly relevant to whether or not defendants were negligent. As a result, the trial court erred in granting summary judgment

for defendants based on negligence. In addition, summary judgment could not be granted based on contributory negligence; therefore, we reverse and remand the case for trial.

Reversed and remanded.

Judges ERVIN and DILLON concur.