TYSON, Judge.
 

 *313
 
 Joan Meinck ("Plaintiff") appeals from an order granting summary judgment in favor of the City of Gastonia ("Defendant"). We reverse and remand.
 

 I. Background
 

 Defendant owns a commercial building located at 212 West Main Avenue in Gastonia, North Carolina. The building is located within a downtown revitalization district established by Defendant in a 1999 city resolution. Defendant did not use the building to house any municipal or government departments or offices.
 

 Beginning in 2013, Defendant leased the building to the Gaston County Art Guild ("Art Guild"), a private non-profit entity unaffiliated with either Defendant or Gaston County. Defendant leased the building as an effort to fill a vacancy and help remove a
 
 *420
 
 blight from vacant buildings on the downtown area. Defendant's evidence tends to show Defendant did not seek to make a profit from the lease. Defendant retained the responsibility for maintaining the exterior of the premises and the right to inspect the building at any time.
 

 The lease agreement between Defendant and the Art Guild limited the Art Guild's uses of 212 West Main Avenue to an "art gallery and artists' studios and a gift shop." The lease agreement provided for four separate means of compensation to Defendant. The first method required the Art Guild to pay Defendant 90% of all rent money it received from subtenants. The second method guaranteed Defendant 30% of the gross sales receipts received for art the Art Guild sold on the premises. The third method required subtenants of the Art Guild to disgorge 15% of their gross sales receipts to Defendant. The fourth method required subtenants to provide a minimum of fifteen hours of volunteer time each month working on tending to the gallery and the gift shop. In addition to the minimum required volunteer time, subtenants were also tasked to arrange sales shows, serve on committees, or help manage other subtenants.
 

 The subleased space in 212 West Main Avenue contained enough room for nineteen private art studios for subtenants. Plaintiff was one of the subtenants of the Art Guild. Plaintiff paid $95.00 per month to rent space inside 212 West Main Avenue, 90% of which was paid to Defendant.
 

 For the 2013 fiscal year, Defendant expended $33,062.01 on 212 West Main Avenue and received revenues of $21,572.98 from the Art Guild's
 
 *314
 
 lease, a loss of $11,489.03. For the 2014 fiscal year, Defendant expended $40,008.13 and received revenues of $21,935.57, a loss of $18,072.56.
 

 On 11 December 2013, Plaintiff left through the rear exit of 212 West Main Avenue, and she carried several large pictures, lost her balance on a set of steps, and fell. As a result of her fall, Plaintiff suffered a broken hip, required hospitalization, and incurred medical expenses. Portions of the cement on the steps had apparently eroded. As a result of carrying large pictures, Plaintiff was prevented from seeing where she was stepping.
 

 On 4 February 2015, Plaintiff filed a complaint and alleged Defendant had negligently failed to maintain the exit of the building or to warn of the dangerous condition of the exit. On 12 January 2016, Defendant filed a motion for summary judgment asserting governmental immunity as an affirmative defense. The trial court granted Defendant's motion on that basis. Plaintiff appeals.
 

 II. Statement of Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1), which provides for an appeal of right from any final judgment of a superior court. N.C. Gen. Stat. § 7A-27(b)(1) (2015).
 

 III. Standard of Review
 

 Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2016).
 

 In reviewing a motion for summary judgment, the trial court must "view the pleadings and all other evidence in the record in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor."
 
 N.C. Farm Bureau Mut. Ins. Co. v. Sadler
 
 ,
 
 365 N.C. 178
 
 , 182,
 
 711 S.E.2d 114
 
 , 117 (2011) (citation omitted).
 

 An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
 

 A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her
 
 *315
 
 claim. Generally this means that on undisputed aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment
 
 *421
 
 as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.
 

 Lowe v. Bradford,
 

 305 N.C. 366
 
 , 369,
 
 289 S.E.2d 363
 
 , 366 (1982) (citations and internal quotation marks omitted).
 

 This Court reviews a trial court's summary judgment order
 
 de novo
 
 .
 
 Sturgill v. Ashe Mem'l Hosp., Inc.,
 

 186 N.C.App. 624
 
 , 626,
 
 652 S.E.2d 302
 
 , 304 (2007),
 
 disc. review denied,
 

 362 N.C. 180
 
 ,
 
 658 S.E.2d 662
 
 (2008).
 

 IV. Analysis
 

 A. Governmental Immunity
 

 Plaintiff asserts the trial court's grant of summary judgment for governmental immunity was error.
 

 "Under the doctrine of governmental immunity, a county or municipal corporation 'is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity.' "
 
 Estate of Williams v. Pasquotank County,
 

 366 N.C. 195
 
 , 198,
 
 732 S.E.2d 137
 
 , 140 (2012) (quoting
 
 Evans ex rel. Horton v. Hous. Auth.,
 

 359 N.C. 50
 
 , 53,
 
 602 S.E.2d 668
 
 , 670 (2004) (internal quotation omitted)). "Nevertheless, governmental immunity is not without limit. '[G]overnmental immunity covers only the acts of a municipality or a municipal corporation committed pursuant to its governmental functions.' Governmental immunity does not, however, apply when the municipality engages in a proprietary function."
 
 Williams,
 

 366 N.C. at 199
 
 ,
 
 732 S.E.2d at 141
 
 (quoting
 
 Evans,
 

 359 N.C. at 53
 
 ,
 
 602 S.E.2d at 670
 
 (citations omitted), and citing
 
 Town of Grimesland v. City of Washington,
 

 234 N.C. 117
 
 , 123,
 
 66 S.E.2d 794
 
 , 798 (1951) ).
 

 A governmental function is an activity which is "discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself [.]"
 
 Britt v. City of Wilmington,
 

 236 N.C. 446
 
 , 450,
 
 73 S.E.2d 289
 
 , 293 (1952). A proprietary function is an activity which is "commercial or chiefly for the private advantage of the compact community[.]"
 

 Id.
 

 "[I]n cases of doubtful liability[,] application of [governmental immunity] should be resolved against the municipality."
 
 Koontz v. City of Winston-Salem
 
 ,
 
 280 N.C. 513
 
 , 530,
 
 186 S.E.2d 897
 
 , 908 (1972) (citations omitted).
 

 *316
 
 Whether a particular government activity is a governmental or proprietary function depends upon a multi-factor inquiry. "[T]he threshold inquiry in determining whether a function is proprietary or governmental is whether, and to what degree, the legislature has addressed the issue."
 
 Williams
 
 ,
 
 366 N.C. at 200
 
 ,
 
 732 S.E.2d at 141-42
 
 .
 

 Here, Plaintiff asserts a claim against Defendant on the basis of its ownership and maintenance of the building leased to the private, non-profit tenant, as allegedly part of Defendant's downtown revitalization efforts. The legislature has authorized cities to lease property to private parties pursuant to N.C. Gen. Stat. § 160A-272 (2015). The legislature did not specify in N.C. Gen. Stat. § 160A-272 nor elsewhere, whether a city's leasing of property to a private party is a governmental or proprietary function.
 

 The legislature also authorizes cities to establish municipal service districts for the purpose of,
 
 inter alia
 
 , downtown revitalization projects. N.C. Gen. Stat. § 160A-535 (2016). The statute defines "downtown revitalization" to mean "improvements, services, functions, promotions, and developmental activities intended to further the public health, safety, welfare, convenience, and economic well-being of the central city or downtown area." N.C. Gen. Stat. § 160A-536(b). Nowhere has the legislature deemed all downtown revitalization projects undertaken by a city within a service district to be activities, which are exempt from suit through governmental immunity.
 

 "[W]hen an activity has not been designated as governmental or proprietary by the legislature, that activity is necessarily governmental in nature when it can only be provided by a governmental agency or instrumentality."
 
 Williams
 
 ,
 
 366 N.C. at 202
 
 ,
 
 732 S.E.2d at 142
 
 . The ownership and maintenance of property leased to a private entity
 
 *422
 
 is not an activity, which is provided only by a governmental agency or instrumentality.
 

 When the service in question can be provided both privately and publicly, we are required to consider several additional factors, including: "whether the service is traditionally a service provided by a governmental entity, whether a substantial fee is charged for the service provided, and whether that fee does more than simply cover the operating costs of the service provider."
 

 Id.
 

 at 202-03
 
 ,
 
 732 S.E.2d at 143
 
 (footnotes omitted). Here, a city's ownership and maintenance of a building that is occupied and used solely by a private non-profit entity is not a service solely and traditionally provided by a governmental entity.
 

 Id.
 

 With regards to the rentals received by Defendant from leasing the building and maintaining the exterior of the building, the case of
 
 *317
 

 Glenn v. City of Raleigh
 
 is instructive. In
 
 Glenn
 

 ,
 
 the plaintiff was injured when a rock was thrown from a lawn mower and struck him in the head, while he was visiting a public park operated by the City of Raleigh.
 
 Glenn v. City of Raleigh,
 

 246 N.C. 469
 
 , 470,
 
 98 S.E.2d 913
 
 , 913-14 (1957). Our Supreme Court determined the revenue generated from the city's operation of the park "import[ed] such a corporate benefit or pecuniary profit or pecuniary advantage to the city of Raleigh as to exclude the application of governmental immunity."
 
 Id.
 
 at 477,
 
 98 S.E.2d at 919
 
 . The Court stated, "[i]n order to deprive a municipal corporation of the benefit of governmental immunity, ... the act or function must involve special corporate benefit or pecuniary profit inuring to the municipality."
 
 Id.
 
 at 476,
 
 98 S.E.2d at 918
 
 (internal quotation marks and citation omitted).
 

 Here, Defendant received substantial revenues from multiple sources from the lease and subtenants of 212 West Main Avenue of $21,572.98 and $21,935.57 for fiscal years 2013 and 2014 respectively. These revenues included amounts Defendant received as rent payments, gift shop proceeds, as well as percentages of the amount of private artwork sold by the subtenant-artists including Plaintiff. The substantial revenue Defendant-city has received from the lease of the premises located at 212 West Main Avenue, solely to the private Art Guild, provides such a pecuniary advantage to exclude the application of government immunity as a matter of law.
 
 See
 

 id.
 
 at 477,
 
 98 S.E.2d at 919
 
 .
 

 We view the private commercial nature of Defendant's agreement with the Art Guild to receive a 15% commission on all private art sold, Defendant's lease of the building solely to a private organization, and the Defendant's generation of substantial revenues from the lease, gift shop sales, and subtenants' rents, together as weighing heavily towards concluding Defendant's ownership and maintenance of the leased building to be a proprietary function.
 
 Compare
 

 Bynum v. Wilson County
 
 ,
 
 367 N.C. 355
 
 , 359-60,
 
 758 S.E.2d 643
 
 , 646-47 (2014) (placing significance on county's use of building to house
 
 government
 
 departments where slip-and-fall incident occurred);
 
 See
 

 Britt
 
 ,
 
 236 N.C. at 450
 
 ,
 
 73 S.E.2d at 293
 
 (defining a proprietary function as
 
 commercial
 
 in nature);
 
 See
 

 Glenn
 
 at 477,
 
 98 S.E.2d at 919
 
 (holding that defendant-city's generation of revenue from activity precluded governmental immunity).
 

 In light of all these factors, we hold that Defendant is not immune from suit for tort liability in the ownership and maintenance of its building located at 212 West Main Avenue, and is answerable to Plaintiff for any negligent act which may have caused Plaintiff injury and damage.
 

 *318
 

 B. Negligence
 

 Plaintiff contends that her forecast of evidence presents a material question of fact regarding defendant's negligence. We agree.
 

 "Summary judgment is rarely appropriate in negligence cases, even when there is no dispute as to the facts, because the issue of whether a party acted in conformity with the reasonable person standard is ordinarily an issue to be determined by a jury."
 
 Surrette v. Duke Power Co.
 
 ,
 
 78 N.C.App. 647
 
 , 650,
 
 338 S.E.2d 129
 
 , 131 (1986) (citation omitted). In North Carolina, "the landowner ... is required to exercise reasonable care to provide for the safety of all lawful visitors...."
 
 Lorinovich v. K Mart Corp.
 
 ,
 
 134 N.C.App. 158
 
 , 161,
 
 516 S.E.2d 643
 
 , 646 (1999). In order to prove a defendant's
 
 *423
 
 negligence, a "plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence."
 
 Fox v. PGML, LLC
 
 ,
 
 228 N.C.App. 28
 
 , 31,
 
 744 S.E.2d 483
 
 , 485 (2013) (citation omitted).
 

 "To determine whether or not the court should grant summary judgment in a premises liability case, courts have focused on whether or not the premises met relevant building standards and whether there was evidence of a lack of notice of any prior problems with the premises."
 

 Id.
 

 (citation omitted). "Whether or not a building meets these standards, though not determinative of the issue of negligence, has some probative value as to whether or not defendant failed to keep his [premises] in a reasonably safe condition."
 
 Thomas v. Dixson
 
 ,
 
 88 N.C.App. 337
 
 , 343,
 
 363 S.E.2d 209
 
 , 213 (1988).
 

 Viewed in the light most favorable to the non-movant, Plaintiff's evidence tends to show the following facts and circumstances. Defendant was responsible for maintaining the exterior of the building, including the steps. Defendant retained and possessed the right to inspect the premises and building at any time. At the time of Plaintiff's fall, the exit from which she left the building and fell was the only means of exit available. Plaintiff was a subtenant of the Art Guild tenant and was not a trespasser on the premises.
 

 Plaintiff's expert witness, Dr. Hunt, stated the condition of the building's steps did not meet the building code's requirements. Defendant has not forecasted any evidence tending to show the steps met code standards. Additionally, Defendant's City Manager, Edward Munn, testifying on behalf of Defendant, stated the condition of the steps was such as to necessitate repairs.
 

 *319
 
 Plaintiff's forecast of evidence is sufficient to raise the genuine issues of material fact of whether Defendant negligently failed to maintain the steps on which Plaintiff tripped or acted negligently in failing to warn about the condition of the steps.
 

 C. Contributory Negligence
 

 Pursuant to Rule 28(c) of the North Carolina Rules of Appellate Procedure:
 

 Without taking an appeal, an appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.
 

 N.C. R. App. P. 28(c).
 

 Before the trial court, Defendant moved for summary judgment on the ground of Plaintiff's contributory negligence, and on the ground of governmental immunity. The trial court granted Defendant's motion for summary judgment solely upon the ground of governmental immunity. On appeal, Defendant-city argues contributory negligence as a matter of law and as an alternative basis to support the trial court's grant of summary judgment under Rule 28(c).
 

 Contributory negligence "is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains."
 
 Fisk v. Murphy
 
 ,
 
 212 N.C.App. 667
 
 , 670,
 
 713 S.E.2d 100
 
 , 102 (2011) (citation omitted). "[S]ummary judgment is rarely an appropriate remedy in cases of ... contributory negligence."
 
 Frankenmuth Ins. v. City of Hickory
 
 ,
 
 235 N.C.App. 31
 
 , 34,
 
 760 S.E.2d 98
 
 , 101 (2014) (citing
 
 Thompson v. Bradley,
 

 142 N.C.App. 636
 
 , 641,
 
 544 S.E.2d 258
 
 , 261 (2001) ).
 

 Where a plaintiff's injury results from slipping and falling, "[t]he basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety."
 
 Duval v. OM Hosp.
 
 ,
 
 LLC
 
 ,
 
 186 N.C.App. 390
 
 , 395,
 
 651 S.E.2d 261
 
 , 265 (2007) (quoting
 
 Rone v. Byrd Food Stores, Inc.
 
 ,
 
 109 N.C.App. 666
 
 , 670,
 
 428 S.E.2d 284
 
 , 286 (1993) ). "The existence of contributory negligence does not depend on plaintiff's
 
 subjective
 
 appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an
 
 objective
 
 standard of behavior[,] the care
 
 *320
 
 an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury."
 
 Smith v. Fiber Controls Corp.
 
 ,
 
 300 N.C. 669
 
 , 670,
 
 268 S.E.2d 504
 
 , 507 (1980) (quotation marks and citation omitted) (emphasis supplied).
 
 *424
 
 Here, Defendant argues Plaintiff was contributorily negligent as a matter of law, and asserts Plaintiff should have known of any hazard on the steps based upon her several prior uses of the exit and steps. In addition, Defendant argues Plaintiff was contributorily negligent for carrying pictures which blocked her view of the steps.
 

 Viewing the evidence in the light most favorable to Plaintiff as the non-moving party, Plaintiff had never moved large pictures out of the building previously. Also, the exit steps on which Plaintiff fell was the only exit available to her to leave the building.
 

 In
 
 Duval v. OM Hosp.
 
 , the plaintiff, a guest at a hotel, left her room by means of an unlit stairwell and fell.
 
 Duval
 
 , 186 N.C.App. at 391,
 
 651 S.E.2d at 263
 
 . In reversing the trial court's grant of summary judgment for the defendant, this Court held, in part, the jury should consider whether the plaintiff, despite her knowledge of the hazardous condition of the stairwell, had acted reasonably by using the only means of egress available to her.
 

 Id.
 

 at 396
 
 ,
 
 651 S.E.2d at 265
 
 .
 

 Here, a jury could find Plaintiff also acted reasonably in using the exit with the hazardous steps. No evidence of other means of exiting the building was presented. The carrying of large pictures out of the art gallery is a reasonable, non-negligent use of the exit.
 
 See
 
 id.
 

 Summary judgment for Defendant as a matter of law, on the issue of Plaintiff's contributory negligence, is inappropriate in this case.
 

 V. Conclusion
 

 We reverse the trial court's entry of summary judgment in favor of Defendant on the issue of governmental immunity, and deny summary judgment for Defendant on the issues of Plaintiff's negligence and contributory negligence. We remand this case to the trial court for further proceedings.
 
 It is so ordered
 
 .
 

 REVERSED AND REMANDED.
 

 Judges ELMORE and DIETZ concur.