IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-892-2

 Filed: 2 January 2019

Gaston County, No. 15 CVS 423

JOAN A. MEINCK, Plaintiff,

 v.

CITY OF GASTONIA, a North Carolina Municipal Corporation, Defendant.

 Appeal by plaintiff from order entered 1 June 2016 by Judge Lisa Bell in

Gaston County Superior Court. Originally heard in the Court of Appeals 22 February

2017. Meinck v. City of Gastonia, __ N.C. App. __, 798 S.E.2d 417 (2017). Upon

remand from the Supreme Court of North Carolina by opinion issued 26 October

2018. Meinck v. City of Gastonia, __ N.C. __, 819 S.E.2d 353 (2018).

 Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, for
 plaintiff-appellant.

 Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson
 and Ryan L. Bostic for defendant-appellee.

 TYSON, Judge.

 This case returns to this Court upon remand by the opinion of our Supreme

Court. As stated in the Supreme Court’s opinion:

 Because the Court of Appeals determined that defendant
 was not entitled to governmental immunity, it did not
 address whether the trial court correctly ruled that
 defendant did not waive governmental immunity by
 purchasing liability insurance. We remand this case to the
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 Court of Appeals to address that issue.

Meinck, __ N.C. at __, 819 S.E.2d at 367. Pursuant to the Supreme Court’s

instructions, we review whether the City of Gastonia (the “City” or “Defendant”)

waived governmental immunity by the purchase of insurance. We reverse the trial

court’s ruling and remand for further proceedings.

 I. Background

 The facts underlying this case are set forth in detail in our previous opinion

and the Supreme Court’s subsequent opinion. Meinck v. City of Gastonia, __ N.C. App.

__, 798 S.E.2d 417 (2017), rev’d in part, disc. review improvidently allowed in part,

and remanded, __ N.C. __, 819 S.E.2d 353 (2018). We briefly summarize below.

 The City is a local body politic, chartered as a public municipal corporation by

the General Assembly in 1877. Public Laws 1876-77, c. 52, § 1. The City and

surrounding Gaston County are named for the Honorable William Joseph Gaston, a

former Justice of the Supreme Court of North Carolina, who also served as a United

States Congressman. Justice Gaston is also the author of the official North Carolina

state song: “The Old North State”. Public Laws, 1927, c. 26; N.C. Gen. Stat. § 149-1

(2017).

 The City acquired and owns an historic commercial building located at 212

West Main Avenue in Gastonia. In 2013, Defendant leased the building to the Gaston

County Art Guild (“the Art Guild”), which is a private not-for-profit entity. As owner,

 -2-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

Defendant remained responsible under the lease for maintaining the exterior of the

premises and the right to inspect the building at any time.

 The Art Guild utilized and subleased the building to attract artists’ studios,

and for use as an art gallery and gift shop. The lease agreement provided the Art

Guild was empowered to sublease portions of the building to subtenants to use as art

studios. Joan Meinck (“Plaintiff”) was one such artist and a subtenant.

 On 11 December 2013, Plaintiff was leaving through the rear exterior exit of

the subject building while carrying several large picture. She lost her balance while

on a set of steps and fell. As a result of her fall, Plaintiff suffered a broken hip,

required hospitalization, and incurred medical expenses. Portions of the cement on

the steps had allegedly cracked and eroded. The large pictures she was carrying may

have prevented her from seeing where she was stepping.

 On 4 February 2015, Plaintiff filed a complaint alleging Defendant had

negligently failed to maintain the exit stairs of the building or to warn her of the

dangerous condition of the steps and stairs. Plaintiff’s complaint alleged Defendant

had waived governmental immunity by purchasing liability insurance and also

alleged Defendant’s tortious conduct, while Defendant was engaged in a proprietary

function, rather than a governmental function, deprived Defendant of governmental

immunity.

 -3-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 On 12 January 2016, Defendant filed a motion for summary judgment

asserting that the City was entitled to governmental immunity, that Defendant was

not negligent as a matter of law, and that Plaintiff was contributorily negligent as a

matter of law. The trial court determined that Defendant’s liability insurance policy

“contained an express non-waiver provision” and that Defendant had not waived

governmental immunity. The trial court also determined Defendant was engaged in

a governmental function, was entitled to governmental immunity, and granted

summary judgment to Defendant on that basis. Plaintiff appealed to this Court.

 In this Court’s unanimous prior opinion, we held Defendant was engaged in a

proprietary function and, as such, was not entitled to governmental immunity.

Meinck, __ N.C. App. at __, 798 S.E.2d at 424. We also held Defendant was not

entitled to summary judgment on the issue of Plaintiff’s contributory negligence. Id.

Because we concluded Defendant was engaged in a proprietary function, we did not

further address Plaintiff’s argument that the City’s non-waiver provision in its

liability insurance contract did not preserve the City’s sovereign or governmental

immunity.

 Defendant sought discretionary review with our Supreme Court seeking

review of this Court’s unanimous decision on 20 April 2017. Plaintiff filed a

conditional petition for discretionary review on 28 April 2017, seeking review of the

 -4-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

issue of Plaintiff’s contributory negligence. Our Supreme Court allowed both

petitions on 8 June 2017.

 By an opinion filed 26 October 2018, the Supreme Court reviewed this Court’s

decision and held “the trial court correctly determined that defendant was engaged

in a governmental function[.]” Meinck, __ N.C. at __, 819 S.E.2d at 367. The Supreme

Court remanded the issue of “whether the trial court correctly ruled that defendant

did not waive governmental immunity by purchasing liability insurance” to this

Court. Id. at __, 819 S.E.2d at 367. The Supreme Court also held discretionary review

of this Court’s decision on the issue of Plaintiff’s contributory negligence was

improvidently allowed. Id. We address whether Defendant waived governmental

immunity by purchasing liability insurance.

 II. Standard of Review

 Summary judgment is proper where “the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a

judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017).

 In reviewing a motion for summary judgment, the trial court must “view the

pleadings and all other evidence in the record in the light most favorable to the

nonmovant and draw all reasonable inferences in that party’s favor.” N.C. Farm

Bureau Mut. Ins. Co. v. Sadler, 365 N.C. 178, 182, 711 S.E.2d 114, 117 (2011). “The

 -5-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

party moving for summary judgment ultimately has the burden of establishing the

lack of any triable issue of fact.” Draughon v. Harnett Cty. Bd. of Educ., 158 N.C. App.

208, 212, 580 S.E.2d 732, 735 (2003) (citation and internal quotation marks omitted),

aff’d per curiam, 358 N.C. 131, 591 S.E.2d 521 (2004).

 We review a trial court’s summary judgment order de novo. Sturgill v. Ashe

Mem’l Hosp., Inc., 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007), disc. review

denied, 362 N.C. 180, 658 S.E.2d 662 (2008).

 III. Analysis

 Plaintiff asserts the trial court erred by granting summary judgment to

Defendant on the grounds Defendant did not waive governmental immunity by

purchasing liability insurance. Defendant contends it did not waive governmental

immunity by purchasing insurance because of an exclusionary provision contained

within an endorsement to its general liability policy.

 “Under the doctrine of governmental immunity, a county or municipal

corporation ‘is immune from suit for the negligence of its employees in the exercise of

governmental functions absent waiver of immunity.’” Estate of Williams v.

Pasquotank Cty., 366 N.C. 195, 198, 732 S.E.2d 137, 140 (2012) (quoting Evans ex rel.

Horton v. Hous. Auth., 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004) (internal quotation

marks omitted)).

 -6-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 “A municipality may, however, waive its governmental immunity to the extent

it has purchased liability insurance.” Hart v. Brienza, 246 N.C. App. 426, 433, 784

S.E.2d 211, 216 (internal quotation marks and citation omitted), review denied, 369

N.C. 69, 793 S.E.2d 223 (2016); see N.C. Gen. Stat. § 160A-485(a) (2017) (“Any city is

authorized to waive its immunity from civil liability in tort by the act of purchasing

liability insurance.”). “A governmental entity does not waive sovereign immunity if

the action brought against them is excluded from coverage under their insurance

policy.” Hart, 246 N.C. App. at 433, 784 S.E.2d at 217 (internal quotation marks and

citation omitted).

 A. Interpretation of Insurance Policies

 “Our courts have long followed the traditional rules of contract construction

when interpreting insurance policies.” Dawes v. Nash Cty., 357 N.C. 442, 448, 584

S.E.2d 760, 764, reh’g denied, 357 N.C. 511, 587 S.E.2d 417-18 (2003). “When

interpreting provisions of an insurance policy, provisions that extend coverage are to

be construed liberally to ‘provide coverage, whenever possible by reasonable

construction.’” Plum Properties, LLC v. N.C. Farm Bureau Mut. Ins. Co., Inc., __ N.C.

App. __, __, 802 S.E.2d 173, 175-76 (2017) (quoting State Capital Ins. Co. v.

Nationwide Mut. Ins. Co., 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986)).

 “If the language in an exclusionary clause contained in a policy is ambiguous,

the clause is ‘to be strictly construed in favor of coverage.’” Daniel v. City of Morganton,

 -7-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

125 N.C. App. 47, 53, 479 S.E.2d 263, 267 (1997) (emphasis supplied) (quoting State

Auto. Mut. Ins. Co. v. Hoyle, 106 N.C. App. 199, 201-02, 415 S.E.2d 764, 765 (1992)).

 “As a general rule, ambiguities in insurance policies are to be strictly construed

against the drafter, the insurance company, and in favor of the insured and coverage

since the insurance company prepared the policy and chose the language.” Lambe

Realty Inv., Inc. v. Allstate Ins. Co., 137 N.C. App. 1, 11, 527 S.E.2d 328, 335 (2000)

(citations, internal quotation marks, and alterations omitted). Exclusions from

coverage in insurance policies are disfavored under North Carolina law, and are

narrowly construed. Stanback v. Westchester Fire Ins. Co., 68 N.C. App. 107, 114, 314

S.E.2d 775, 779 (1984).

 “‘If the meaning of the policy is clear and only one reasonable interpretation

exists, the courts must enforce the contract as written; they may not, under the guise

of construing an ambiguous term, rewrite the contract or impose liabilities on the

parties not bargained for and found therein.’” Dawes, 357 N.C. at 449, 584 S.E.2d at

764 (citation and internal quotation marks omitted). With these principles of

insurance policy interpretation in mind, we analyze the general liability policy

purchased by Defendant.

 B. The City’s Insurance Policy

 -8-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 Defendant’s general liability insurance policy expressly provides for coverage

up to a limit of $1,000,000 for “bodily injury.” The insurance policy specifically states,

in part:

 1. “Bodily Injury” and “Property Damage” Liability

 We will pay on behalf of the insured those sums in
 excess of the “retained limit” that the insured
 becomes legally obligated to pay as “loss” because of
 “bodily injury” or “property damage” to which this
 insurance applies. However; we will have no duty to
 pay any “loss” for “bodily injury” or “property
 damage” to which this insurance does not apply.

 The coverage provisions of Defendant’s general liability policy unambiguously

provide coverage to Defendant for the bodily injuries sustained by Plaintiff. See

Dawes, 357 N.C. at 449, 584 S.E.2d at 764.

 In support of its motion for summary judgment, Defendant submitted the

affidavit of Gastonia’s City Manager, Edward C. Munn. Munn’s affidavit referenced

an endorsement of exclusion of coverage provided by Defendant’s general liability

insurance policy, entitled “Sovereign Immunity and Damages Caps”. The

endorsement states:

 12. Sovereign Immunity and Damages Caps

 For any amount for which the Insured would not be liable
 under applicable governmental or sovereign immunity but
 for the existence of this Policy; the issuance of this
 insurance shall not be deemed a waiver of any statutory
 immunities by or on behalf of any insured, nor of any
 statutory limits on the monetary amount of liability

 -9-
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 applicable to any Insured were this Policy not in effect; and
 as respects to any “claim”, we expressly reserve any and all
 rights to deny liability by reason of such immunity, and to
 assert the limitations as to the amount of liability as might
 be provided by law. (Emphasis supplied)

 The City contends the quoted endorsement “clearly and unambiguously retains

Gastonia’s governmental immunity.” The City does not dispute that it has purchased

general liability insurance or that its general liability policy would otherwise provide

coverage for claims attributable to Plaintiff’s injuries, but for the exclusionary

language of the endorsement.

 In analyzing the endorsement, the emphasized language of the first clause is

ambiguous. It is ungrammatical and does not clearly convey whether governmental

immunity is waived under the policy. It is not a complete sentence or clause, and

does not convey any clear meaning on its own. Moreover, this provision is one of

fourteen separate provisions contained in the endorsement entitled “North Carolina

Common Policy Conditions.” Each of the other thirteen provisions is listed with a

similarly numbered heading. Unlike this provision, the others all begin with

complete, grammatical sentences.

 Were this opening clause a complete sentence or independent clause, the entire

provision could be interpreted as clear and unambiguous. Consider for example, the

following hypothetical version of the same policy provision, with the first clause

 - 10 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

written as a complete, grammatical clause that mirrors other, similar exclusions

elsewhere in the policy:

 12. Sovereign Immunity and Damages Caps

 This policy does not apply to any amount for which the
 Insured would not be liable under applicable governmental
 or sovereign immunity but for the existence of this Policy;
 the issuance of this insurance shall not be deemed a waiver
 of any statutory immunities by or on behalf of any insured,
 nor of any statutory limits on the monetary amount of
 liability applicable to any Insured were this Policy not in
 effect; and as respects to any “claim”, we expressly reserve
 any and all rights to deny liability by reason of such
 immunity, and to assert the limitations as to the amount
 of liability as might be provided by law. (Emphasis
 supplied).
 This hypothetical clause clearly excludes coverage in two separate

circumstances: first, where the purchase of liability coverage otherwise would waive

sovereign immunity or governmental immunity, which are long-standing common

law doctrines; and, second, where the purchase of liability coverage otherwise would

waive immunities and damages caps created by statute.

 The title of this provision is “Sovereign Immunity and Damages Caps” and

demonstrates that it necessarily addresses both common law sovereign immunity

concepts and statutory limits on liability. “Sovereign immunity” is a common law

concept. A “damages cap” is a statutory law concept. Lovelace v. City of Shelby, 351

N.C. 458, 460, 526 S.E.2d 652, 654 (2000) (“As early as this Court’s decision in Hill v.

Aldermen of Charlotte, 72 N.C. 55 (1875), the state and its agencies have been

 - 11 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

immune from tort liability under the common law doctrine of sovereign immunity.”);

Davis v. Town of S. Pines, 116 N.C. App. 663, 673, 449 S.E.2d 240, 246 (1994) (“Under

the common law doctrine of governmental immunity, a municipality is immune from

liability for the torts of its officers committed while they were performing a

governmental function.” (citation and quotation marks omitted)); N.C. Gen. Stat. §

1D-25 (2017) (providing a statutory damages cap on punitive damages).

 Defendant asserts the endorsement is similar to exclusions from three other

cases where this Court had determined local governments did not waive immunity.

The controlling provisions in those cases are clearly distinguishable from the

ambiguous exclusionary endorsement presented here.

 In Hart v. Brienza, Gaston County had a liability insurance policy containing

a provision entitled “Preservation of Governmental Immunity—North Carolina”,

which stated:

 1. The following is added to each Section that provides
 liability coverage: This insurance applies to the tort
 liability of any insured only to the extent that such tort
 liability is not subject to any defense of governmental
 immunity under North Carolina law. Tort liability means
 a liability that would be imposed by law in the absence of
 any contract or agreement.

 2. . . . . Your purchase of this policy is not a waiver, under
 North Carolina General Statute Section 160A–485 or any
 amendments to that section, of any governmental
 immunity that would be available to any insured had you
 not purchased this policy.

 - 12 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

Hart, 246 N.C. App. at 434, 784 S.E.2d at 217 (emphasis omitted).

 In Estate of Earley v. Haywood Cty. Dep’t of Soc. Servs., Haywood County had

purchased a liability insurance policy that specifically and explicitly excluded

coverage for “[a]ny claim, demand, or cause of action against any Covered Person as

to which the Covered Person is entitled to sovereign immunity or governmental

immunity under North Carolina Law.” 204 N.C. App. 338, 342, 694 S.E.2d 405, 408-

09 (2010). The policy also contained a specific provision clarifying the intentions of

the parties, which stated:

 The parties to this Contract intend for no coverage to exist
 under Section V (Public Officials Liability Coverage) as to
 any claim for which the Covered Person is protected by
 sovereign immunity and/or governmental immunity under
 North Carolina law. It is the express intention of the
 parties to this Contract that none of the coverage set out
 herein be construed as waiving in any respect the
 entitlement of the Covered Person to sovereign immunity
 and/or governmental immunity.

Id. (emphasis supplied).

 In Patrick v. Wake Cty. Dep’t of Human Servs., Wake County purchased a

liability insurance policy that contained a provision stating:

 This policy is not intended by the insured to waive its
 governmental immunity as allowed by North Carolina
 General Statutes Sec. 153A–435. Accordingly, subject to
 this policy and the Limits of Liability shown on the
 Declarations, this policy provides coverage only for
 occurrences or wrongful acts for which the defense of
 governmental immunity is clearly not applicable or for
 which, after the defense[] is asserted, a court of competent

 - 13 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 jurisdiction determines the defense of governmental
 immunity not to be applicable.

188 N.C. App. 592, 596, 655 S.E.2d 920, 923 (2008) (emphasis supplied).

 This Court recognized and concluded the relevant language was unambiguous

in the policies of Hart, Earley, and Patrick and those policies did not cover claims for

which sovereign immunity would otherwise be waived by the purchase of insurance.

Hart, 246 N.C. App. at 434, 784 S.E.2d at 217; Earley, 204 N.C. App. at 342, 694

S.E.2d at 408-09; Patrick, 188 N.C. App. at 596, 655 S.E.2d at 923.

 Unlike the clear and explicit contract exclusionary provisions in Hart, Earley,

and Patrick, the endorsement at issue here is ambiguous. See id. Hart, Earley, and

Patrick provide prominent examples for how exclusionary clauses have been drafted

to be clear and unambiguous. Under the endorsement at issue, it is unclear whether

the exclusion for coverage applies to claims for which sovereign or governmental

immunity would apply.

 With the ambiguous language in the endorsement, we “strictly construe” the

insurance policy Defendant purchased as providing coverage for claims which clearly

stated provisions preserving governmental immunity would otherwise bar. See

Daniel, 125 N.C. App. at 53, 479 S.E.2d at 267 (“If the language in an exclusionary

clause contained in a policy is ambiguous, the clause is to be strictly construed in

favor of coverage.” (citation and internal quotation marks omitted)).

 - 14 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

 With the purchase of liability insurance coverage, Defendant has waived

governmental immunity up to the amount of its general liability policy limits of

$1,000,000. See N.C. Gen. Stat. § 160A-485(a) (“Immunity shall be waived only to the

extent that the city is indemnified by the insurance contract from tort liability.”). The

ambiguous exclusionary endorsement, strictly construed in favor of coverage and

against the drafter, does not exclude the express coverage the City obtained when it

purchased the liability insurance policy. Furthermore, the unambiguous provisions

of the City’s general liability policy clearly provides coverage for “bodily injury” up to

a limit of $1,000,000.

 Following our precedents and construing the coverage provisions of the policy

liberally and the ambiguous exclusionary provision narrowly, Defendant has not

preserved governmental immunity to the extent of the $1,000,000 coverage limit. See

Lambe Realty, 137 N.C. App. at 11, 527 S.E.2d at 335; Stanback, 68 N.C. App. at 114,

314 S.E.2d at 779.

 The trial court’s grant of summary judgment to Defendant, partly on the basis

the City did not waive governmental immunity by purchasing liability insurance

through the exclusionary provision, is reversed.

 IV. Conclusion

 Applying well-established canons of contract interpretation, in the light most

favorable to the non-moving party, the trial court’s entry of summary judgment

 - 15 -
 MEINCK V. CITY OF GASTONIA

 Opinion of the Court

upholding Defendant’s non-waiver of governmental immunity, notwithstanding the

City’s purchase of liability insurance, is reversed. We remand this cause to the trial

court for further proceedings. It is so ordered.

 REVERSED AND REMANDED.

 Judges ELMORE and DIETZ concur.

 Judge ELMORE concurred in this opinion prior to 31 December 2018.

 - 16 -